SUSAN W. LIVELY, plaintiff in error, vs. MARY A. PASCHAL, Administratrix of WILLIAM R. PASCHAL, deceased, defendant in error.

Notwithstanding dower is favored by the law, a wife may, by contract with her husband, founded on a just and fair consideration, relinquish all claim to dower in his estate. And if, after his death, she holds on to the consideration, Equity will enforce the contract, and she shall not have dower.

In Equity. In Putnam Superior Court. Bill praying

the assignment of dower.   Tried before Judge A. Reese·
September Term, 1866.

This bill was filed in August, 1862, by the plaintiff in
error, against the intestate of defendant in error, to obtain
dower out of the lands of which Lewis P. Harwell, a former
husband of Mrs. Lively, the plaintiff in error, died
seized; which lands Paschal, the defendant in the bill, claimed
as a purchaser after Harwell's death from one acting as,
and supposed to be, his executor.   The fact that induced the
demandant to proceed in Equity, rather than in a Court of
law, was, that she, herself, was administratrix upon her said
deceased husband's estate.

Harwell died in August, 1858, and the demandant claimed
dower in these lands within one year thereafter, though the
present bill was not filed until 1862.

The bill was defended on a single ground, namely, that
the demandant's right to dower was barred by the accept- ·
ance of a provision in lieu thereof.   The material facts bear-
ing on this defence are the following :

Mrs. Lively, before her marriage with Harwell, was a
Miss Fielder, daughter of Richard and Elizabeth Fielder.
In 1835, after the death of Richard Fielder, Harwell execu-
ted the following :

"Received, Eatonton, February 18th, 1835, of E. Fielder,
twelve bags of cotton, now in Augusta, which I have an
order on, and made in full payment of all my interest in the
property of my wife, which is coming to her after her moth-
er's death from the estate of Richard Fielder ; and, also, that
part that will fall to her from the will of her grandmother,
Amelia Berford.   In witness whereof I have hereunto set
my hand and seal."   (*Signed by Harwell, and attested by two
witnesses.*)

In 1841, the said Elizabeth Fielder, by deed of gift, con-
veyed to Joseph Johnson the legal estate in the property
conveyed to her by the foregoing instrument, declaring in
said deed of gift that "the proceeds and uses of which"

(said property) " are for the sole benefit of the said Susan W. Harwell, for and during her natural life," and said property, " upon the death of said Susan W. Harwell, to be divided among her brothers and sisters, if said Susan W. shall die without child or children."

In 1851, commissioners appointed by the Ordinary to make distribution of the estates of Richard and Elizabeth Fielder, (the latter having died in 1850,) set apart to Harwell, as his share, in right of his wife, fourteen negroes, valued at $7,725, with a charge thereon of $31 25, in favor of another distributee.

In 1852, Harwell and wife executed the following :

" Georgia,        ⎫
  Putnam county, ⎰

Whereas, by a recent division of the negro property of Richard Fielder and Elizabeth Fielder, of said county, deceased, the negroes hereinafter mentioned were assigned to Lewis P. Harwell, in right of his wife, Susan W. Harwell, as heir and distributee of the said decedents ; and whereas, it has long been the intention and desire of the said Lewis P. Harwell, and still is his desire and intention, to vest the absolute ownership of all the negro property which has come or may come to his said wife by inheritance, in her, for her sole and separate use, without restriction by reason of the rights of said Lewis P. Harwell : Now, this indenture, made and entered into this ------ January, 1852, between Lewis P. Harwell, of said county and State, of the one part, and Susan W. Harwell, of the same place, of the other part ; Witnesseth, that the said Lewis P. Harwell, for and in consideration of his natural love and affection for his said wife, Susan W. Harwell, *as well as in consideration that the said Susan W. Harwell has hereby relinquished, and does hereby relinquish, all her right, title and interest to dower in the lands of which said Lewis P. Harwell may die seized,* hath given, granted, bargained, sold, &c., and doth, by these presents, grant, bargain, sell, &c., unto his said wife, for her sole and separate use, the follow-

ing negroes, to-wit, (*describing them*,) together with the increase of said negroes, and whatever other negroes may come to said Susan W. Harwell by inheritance, with power on the part of said Susan W. to dispose of the same absolutely, and according to her will and pleasure, by her last will and testament, or writing in the nature of the same, at her death.   Provided, however, that if said Lewis P. Harwell should survive his said wife, then said property shall remain to him, for his own use, during his natural life, and in such an event, all bequests, limitations and appointments of the same, by virtue of the powers herein granted, &c., to the said Susan W., shall take effect in possession in the said legatees, appointed, &c., who may be interested in the same, only after the death of the said Lewis P. Harwell." (*Signed and sealed by Harwell and his wife, and attested by two witnesses.   Recorded May 19th, 1852.*)

To execute this instrument Harwell was extremely reluctant, and did so only after urgent importunity from the counsel of his wife, who, at her instance, *followed him up*, to get him to do it.

At the time it was executed a bill was pending (returned to March Term, 1851,) in Putnam Superior Court, filed by Harwell and wife against one Armstrong, as administrator of Fielder, and Joseph W. Johnson, trustee, praying for general relief, and for a decree against Johnson that the aforesaid receipt given by Harwell to Mrs. Fielder, be delivered up to be cancelled.

In 1856, certain arbitrators, to whom this bill was referred, made their award, directing that the negroes mentioned in the foregoing papers "continue in the possession of the said Lewis P. Harwell and his wife for and during their joint lives, for their joint use, and in the event of the said Lewis P. surviving his said wife, then to be the property of said Lewis P. for his life, and after his death, to go to such persons as said Susan W. may, by deed or will, appoint, she being hereby vested with a full and absolute property in said negroes after the death of Lewis P. Har-

well," &c.  This award was made the judgment of the Court.

After the death of Harwell, his wife remained in the possession and use of said negroes until they were emancipated.

The Court charged the jury as follows:

"The bill filed on the 17th of February to March Term, 1851, by Harwell and wife against Armstrong, administrator, and Johnson, Trustee, in my judgment, is not a bill to settle wife's equity.  The object of the bill seems to have been to cancel the receipt of 1835, and the conveyance of 1841, and the decree, or award, therein, virtually cancels them, as the award settles the property with different limitations and conditions.  And you may look to the language used in the contract of 1852, and compare it with the language used in the award, and if you find the settlement to be substantially the same in language and in conditions, you may infer it was the object of the award to confirm the settlement of 1852.

"A provision made by deed, expressly in lieu of dower, or where the intention of the husband is plain and manifest that it shall be in lieu of dower, and the wife so accepts the property so provided, after the death of the husband, she is barred of dower.

" Whilst the law protects the wife during coverture from all contracts made with her husband, it does not allow her, after the death of her husband, to avail herself of the benefits of a contract made during coverture, without being bound by the terms of the whole contract.

" If you believe, from the evidence, that complainant, after the death of her husband, accepted the property conveyed by the contract of 1852, under that contract she is barred of dower, for the reason that the contract contains an express relinquishment of her dower in all the lands of which he might die seized or possessed.   *   *   It would be a fraud upon an innocent purchaser without notice of a repudiation of the contract, to allow her to recover dower."

Livvly vs. Paschal.

After a verdict against the demandant, she moved for a new trial on the grounds:

1–2. Because the verdict was against law and evidence, and strongly against the weight of evidence.

3–4–5–6–7. Because the charge of the Court was erroneous.

The Court overruled the motion, and refused a new trial, and that is assigned as error.

McKINLEY, for plaintiff in error.

LAWSON, for defendant.

HARRIS, J.

The many and strong cases cited and read by counsel for plaintiff in error, illustrate unmistakably the leaning of Courts in behalf of widows in claims to dower. We are not willing to add another, at least this case, to the long catalogue which evinces so palpably the weakness of even the Bench when a woman is a suitor. She is in a Court of Equity; the fundamental maxim upon which it gives relief is, that the party who asks equity must do equity. Acting on this rule, we must discard and throw out of this case all of these arbitrary technicalities which stand in the way of administering substantial justice. What though at common law a contract cannot be made between husband and wife; what though the written contract here on the part of complainant releasing all claim to dower in lands thereafter to be acquired by the husband could not be enforced by its principles and forms of procedure; yet, when it is made to appear to a Court of Equity, as is done here, that a very large and more than an adequate consideration was paid complainant by her then husband, Harwell, out of his property for such release, and that so far as he was concerned the contract was completely executed before the civil war begun, we cannot permit her, now that

the negro property which she received, controlled, and enjoyed long before that war begun or was dreamed of, has been sw⁀p⁀ away and utterly lost to her by that war, to repudiate her contract with her husband, Harwell; tendering no equivalent in value to that of the property she had possession of through her trustee; such tender with interest upon the value of the property from the time received, would seem to be an indispensable preliminary to the relief sought. Without doing Equity we cannot recognize any claim of dower in and to land acquired by Harwell subsequent to the contract she made with him, and which the testimony shows she was so indefatigable in procuring to be made, and under the advice of counsel of her own selection.

The Court of Equity below, as appears by the facts in the record, declined to give Mrs. Lively, formerly Mrs. Harwell, its assistance in subjecting the land puchased by Pascal from Harwell's executor, to her claim of dower.

We think the Judge did right, and therefore affirm the Judgment below.