JOANNA WOODS *vs.* MARY ANN WOODS.

Kennebec.     Opinion August 6, 1885.

*Dower.*

A married woman received from her husband one thousand dollars and some other property, in consideration of which she agreed in writing, under her hand and seal, that the property so received should be in full discharge of all claim, right or interest, upon him and upon his property, for her support and maintenance, by way of dower, or otherwise. *Held*, the husband having died, that the agreement was a bar to the widow's right of dower in his estate.

ON REPORT.

Action of dower. The following is the agreement referred to in the opinion :

[Agreement.]

"U. S.    Whereas, a libel for divorce from bed and board,.
revenue   Joanna Woods, Libellant, *vs.* her husband, Samuel.
Stamp,   Woods, is now pending in the Supreme Judicial.
5 cents.   Court, Kennebec County. It is hereby agreed.
      between said Samuel Woods and Joanna Woods,.
as follow : 1. Said Samuel Woods has deposited in the hands.
of Samuel Titcomb, one thousand dollars, for the use and benefit.
of said Joanna Woods. 2. Said Samuel Woods also agrees to.
deliver to said Joanna Woods, the cow selected by her. 3.
Four good sound sheep to be selected from his flock by William.
Stone, Jr., if either of said parties shall require it. 4. The beds,.
bedding and all household furniture now in the house occupied.
by her. 5. All firewood now at the door of, and in said house.
for the same. 6. One barrel of good flour. 7. One good.
sound ham of bacon. 8. To allow said Joanna to occupy the.
house she now lives in for the term of not exceeding two months.
9. To keep said sheep and cow one week without charge. 10..
To pay the Colburn and Faught debt.

"Said Joanna, hereby agrees to receive the above property.
under the above named conditions in full discharge of all claim,.
right or interest upon said Samuel Woods, and upon his property.
for her support and maintenance by way of dower or otherwise..
And it is hereby further agreed, that by consent of said court,.
the prayer of said libel shall be granted, and a decree, pursuant
to the above agreement shall be made by said court, at the next
August term of said court, and that each party shall pay their.
own costs of court respectively, in said court."

"Dated at Augusta, this 19th day of April, 1864.

"Attest : S. T.    Mrs. Joanna Woods. [Seal.]"

"Received the one thousand dollars, and all the specific articles
named in the above agreement, and I hereby acknowledge the
full and complete performance of the said agreement in all
respects, on the part of the said Samuel Woods.

"Attest : S. T.    Mrs. Joanna Woods. [Seal.]"

*S. and L. Titcomb*, for the plaintiff.

A *feme covert* cannot bar her right of dower by any release

made to the husband during coverture. *Rowe* v. *Hamilton*, 3 Maine, 63 ; *Shaw* v. *Russ*, 14 Maine, 432 ; *Vance* v. *Vance*, 21 Maine, 371 ; *Carson* v. *Murray*, 3 Paige, 483 ; *Martin* v. *Martin*, 22 Ala. 86 ; *Townsend* v. *Townsend*, 36 Barbour, 410 ; 2 Scribner on Dower, 290 ; *Townsend* v. *Townsend*, 2 Sandf. 711 ; *Walsh* v. *Kelley*, 34 Pa. St. 84.

If the agreement could be construed as a jointure or pecuniary provision made after marriage with the same effect under § 9, c. 103, R. S., as is provided by § 8, (and clearly it cannot be so construed) it would be no bar because the agreement is not and does not purport to be a " freehold estate in lands for the life of the wife to take effect immediately on the husband's death," as provided by § 7, nor is it such jointure or provision made after marriage, as provided by § 9, as would require any waiver or election within six months relative to the provisions of a will in which no negotiation of or provision for the wife is made.

The pecuniary provision as provided by § 8 must be instead of dower and consented to as provided in § 7, and by § 7 the provision must be by jointure consisting of a freehold estate in land for the life of the wife at least, and "she must express her consent by becoming a party to the conveyance " and the jointure or provision by § 9 must be "such " as the prior sections prescribe.

Neither of these three sections in terms or by implication contains the essential and requisite elements to constitute a bar.

The agreement of the demandant is not a jointure — is not a conveyance to which she has become a party, is not " such " a pecuniary provision consented to by her — and is not to take effect immediately on the husband's death.

It is simply an agreement between husband and wife during coverture for her partial support. It does not affect the rights of the wife at common law and these rights under the agreement are not changed by statute.

*G. C. Vose*, for the defendant, cited : *French* v. *Peters*, 33 Maine, 396 ; *Littlefield* v. *Paul*, 69 Maine, 527.

WALTON, J. A married woman may be barred of dower in her husband's lands by a pecuniary provision made for her

instead of dower with her consent; and without her consent, unless within six months after her husband's death she waives such provision, and files the same in writing in the probate office. R. S., c. 103, § § 7, 8, 9.

In this case, while her husband was alive, the plaintiff received from him one thousand dollars in money, and some other property, in consideration of which she agreed in writing, under her hand and seal, that the property so received should be in full discharge of all claim, right or interest upon him and upon his property, for her support and maintenance, by way of dower or otherwise. Her husband is now dead, and the question is whether this agreement bars her right to dower. We think it does. That her husband intended that the provision so made for her should be in lieu of dower, and that she deliberately and advisedly accepted it as such, there can be no doubt. The express wording of the agreement will admit of no other interpretation. We think she must abide by the agreement she then made.

*Judgment for defendant.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.