# WALTER E. HILL

*vs.*

# JOHN H. BOLAND.

*Married women*: *dower; may not be sold or conveyed; relinquishment; title of husband.*

But under sections 12 and 20 of Art. 45 of the Code of 1912, a married woman by contract with her husband may relinquish her right of dower, so that real estate then owned by him, or which he thereafter acquires, will be held by him free and discharged from any claim upon her part to dower therein; and a deed by him for such real estate is valid and sufficient to convey title, without the joinder of the wife.                p. 118

The dower right of a wife in the estate of her husband is not such a right as may be bargained or sold.                p. 115

*Decided January 14th, 1915.*

Appeal from the Circuit Court of Baltimore City. (DAW-KINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Harry E. Karr* and *D. List Warner* for the appellant.

*Wm. Purnell Hall* (with whom were *Albert Ecke* and *George Keck* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Can a married woman by contract or deed relinquish her right of dower, so that real estate belonging to her husband can be conveyed by him without her joinder in the deed? That is the sole question which is presented by the record in this case.

The question is raised by a bill for the specific enforcement of a contract of sale of a ground rent of $42 claimed by Mr. Boland to be held by him free from any right whatever of his wife, Margaret A. Boland, to dower therein.

Mr. and Mrs. Boland had not for sometime been living together on the best of terms; and on the 1st February, 1912, they entered into an agreement executed with all the formality necessary for a conveyance of real estate, which was duly recorded. By the terms of this they agreed to live separate and apart; and in consideration of the sum of $4,200 cash paid by Mr. Boland to his wife, she "expressly releases, waives, surrenders and assigns to the party of the first part (Mr. Boland) his heirs, personal representatives, legatees, devisees and assigns all her right, claim or title to participate in any way in the enjoyment of the real or personal estate of which the party of the first part may be possessed at his decease, or to obtain or receive any dower or widow's rights therein. And the party of the second part hereby covenants and agrees that at any time after the execution of these

presents she will at the request and expense of the party of the first part execute, acknowledge and deliver to the party of the first part or his grantee or grantees any proper deed or conveyance, so as to bar the dower or other marital rights of the party of the second part in any property now or heretofore owned, or which may hereafter he acquired by the party of the first part, wherever said property may be situated. And the party of the second part hereby expressly agrees and covenants that she will at any time in the future at the request and expense of the party of the first part execute and deliver such deeds and assurances as may be necessary to carry out the purposes of this agreement."

On the day following the execution of this agreement Mr. and Mrs. Boland executed a deed to Edward L. Kaufman, his heirs and assigns, of "all the right, title, interest, claim or estate of the said Margaret A. Boland, whether the same be legal or equitable, vested or contingent, present or future, and especially and particularly the prospective dower right or interest of the said Margaret A. Boland, into and out of all the real estate or fee simple property now belonging to the said John H. Boland, her husband, * * * and also any prospective right of dower of the said Margaret A. Boland into or out of any property in fee simple which said John H. Boland may hereafter acquire by purchase or inheritance or in any other manner whatsoever."

With regard to the deed purporting to convey the dower right of Mrs. Boland to Kaufman there can be no question but that it was absolutely inoperative. Mr. Kaufman was not created by the deed a trustee for the benefit of Mrs. Boland. The attempted conveyance was one absolute in form to him, his heirs and assigns, and it is the settled law of this State that the dower right of a wife in the real estate of her husband, is not such a right as may be bargained and sold. *Reiff* v. *Horst,* 55 Md. 42, re-affirmed in *Duttera* v. *Babylon,* 83 Md. 536. In legal contemplation Mr. Kaufman was a stranger to the parties grantor in the deed. No trust was

created by its terms or to be implied from any language in either the granting or habendum clauses of the deed, and, therefore, under the authorities cited he would take no title to the potential right of dower of Mrs. Boland, which the deed purported to convey to him.

At the common law the wife could make no grant to her husband of property belonging to her or in which she had an interest, so as to bar her right of dower. She was without the power even to contract, and yet even in this condition agreements between husband and wife which were in their nature fair and just, the object of which was to make provision for her, were sustained; *Lively v. Paschal,* 35 Ga. 218; and were held to bar her right of dower where the agreement so provided in terms. This result was reached by the application of the doctrine of estoppel, rather than by a distinct recognition of the existence of a contractual power on the part of the wife. It was sustained even when proceedings between the parties for a divorce were pending, *Woods* v. *Woods,* 77 Me. 434; and where articles of separation had been entered into between the parties, *Dillinger's Appeal,* 35 Pa. 357; in which case it was said: "True she was not *sui juris* when the contract was made, but many agreements between husband and wife for living separate have been enforced in equity even where there was no trustee to protect the wife,—but here where there was a trustee, and where the contract was fair and reasonable and the wife has had the full benefit of it * * * no Court would hesitate for a moment to enforce the agreement against her. If the contract would have been enforced against the husband for the wife's benefit, it must be against the wife for the protection of the husband's estate. Mutuality is the essence of equity." The doctrine thus announced is impliedly that of this Court in *Emerson* v. *Emerson,* 120 Md. 584.

The objection is urged that agreements of separation are contrary to the policy of the law of this State, and that they will not be given the sanction of the Court, and for that

reason this entire agreement of February 1st, 1912, is void and inoperative, to accomplish the end for which it was entered into. The agreement naturally divides itself into two parts, one for the living separate of the parties to it; the other, a contract by which for a present, valuable consideration, paid to the wife, she relinquishes a potential right of dower in the real estate of the husband. The latter, if she was competent to enter into such a contract, might perfectly well have been made, and the parties have continued to live together as husband and wife. It has already been stated that at common law a wife had not the capacity to so contract. Has she that capacity by virtue of the Acts of the Legislature of this State, particularly the Act of 1898 (Ch. 457), known as the Married Woman's Act, now codified in Art. 45 of the Code of 1912 ? The 12th and 20th sections of that Article read as follows:

> "12. Any married woman may, at whatever age she may be, relinquish her dower in any real estate by the joint deed of herself and husband or by her separate deed, or she may authorize an agent or attorney to relinquish the same by a power of attorney executed jointly with her husband or by herself without the joinder of her husband * * * ."

> "20. A married woman may contract with her husband and may form a co-partnership with her husband or with any other person or persons in the same manner as if she were a *feme sole,* and upon all such contracts, partnership or otherwise, a married woman may sue and be sued as fully as if she were a *feme sole.*"

In the opinion filed by the late CHIEF JUDGE McSHERRY, in *Duttera* v. *Babylon,* 83 Md. 536, the power of a wife to relinquish her right of dower is expressly recognized, yet since she did not possess that power at common law, she can only have acquired it by virtue of statutory enactment. The power to relinquish is expressly conferred by section 12

already quoted, which prescribes the requisites for such a deed, requisites which are found to have been complied with in the agreement of February 1st, 1912. But even if that instrument is to be taken as a contract merely, by section 20 she is given the express power to contract *with her husband* in the same manner as if she were a *feme sole.* Regard being had to the purpose and language of the Act, the conclusion is irresistible that Mrs. Boland was competent to relinquish her potential right of dower in the real estate of her husband, and that having executed the agreement of February 1st, 1912, in the form required by the provisions of section 12, by the joint deed of herself and husband, the real estate then belonging to him, or which he might thereafter acquire, was held by him free and discharged from any claim upon her part to dower therein, and that, therefore, his deed to such real estate or any portion of it is sufficient without the joinder of his wife.

The decree of the Circuit Court of Baltimore City of April 30th, 1914, will accordingly be affirmed.

*Decree affirmed, with costs to the appellee.*