## BOWERS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6135.

Circuit Court of Appeals, Seventh Circuit.

June 5, 1937.

Frank L. Welsheimer, of Gary, Ind., and Frederick C. Crumpacker, Edwin H. Friedrich, and Jay E. Darlington, all of Hammond, Ind., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The questions presented by this appeal may be stated thus:

1. Is the value of Indiana real estate held by deceased and his wife as tenants by the entirety since 1909 includable in decedent's gross estate and subject to Federal estate taxes?

2. If the first question be answered in the affirmative, what portion of the entire value of the real estate should be thus included in the decedent's gross estate where it appears the purchase price of the real estate conveyed to the husband and wife as tenants by the entirety was furnished by the deceased?

The value of the real estate in question was $169,000 at the date of decedent's.

death, December 26, 1930. The conveyances to "John O. Bowers and Nellie B. Bowers, his wife," were made in 1909.

■ The first question must be answered in the affirmative on the authority of Tyler v. U. S., 281 U.S. 497, 50 S.Ct. 356, 359, 74 L.Ed. 991, 69 A.L.R. 758; Levy's Estate v. Commissioner, 65 F.(2d) 412 (C. C.A.2); Robinson v. Commissioner, 63 F. (2d) 652 (C.C.A.6).

The fact that the property was acquired before any estate tax law was enacted does not distinguish this from the Tyler Case. In fact a similar situation existed in the Levy Case, supra.

Upon the facts disclosed, upon what sum should the estate tax be determined?

■ The real estate was worth $169,000. The estate tax in question was figured on the basis of the inclusion of the $169,000 realty value. This is apparently upon the theory that the deceased furnished the money used in the purchase of the real estate that passed to him and his wife as tenants by the entirety. The source from which the purchase price was derived is immaterial. The significant fact is that the deceased (whose estate is being taxed) died seized of this real estate as tenant by the entirety with his wife. Upon his death there was an increase in the value of the wife's estate. She had some interest, however, before he died. The tax in question should be based upon and limited to the increase in the value of her estate through the death of her husband. As stated in Tyler v. U. S., supra:

"The question here, then, is, not whether there has been, in the strict sense of that word, a 'transfer' of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon the result (which Congress may call a transfer tax, a death duty or anything else it sees fit), *to be measured, in whole or in part, by the value of such rights.*"

Such increase could not exceed 50% of the value.

Respondent relies upon section 302, Revenue Act of 1926 (44 Stat. 70, 26 U. S.C.A. § 411), which reads:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of the interest therein held as * * * tenants by the entirety by the decedent and spouse, * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: * * *."

■ Quite obviously a statute cannot be upheld which imposes a transfer or estate tax beyond the full value of the estate transferred. Where the deceased had an estate less than the fee simple, an estate tax may not be levied on the value of the fee.

Neither by regulation nor statute may the value of an estate be fixed at a sum in excess of its true market value. Under no theory can it be said that the husband's interest in this property at the time of his death was the full value of the real estate. Equally clear is the conclusion that the wife, who already owned part of the fee, could not have the value of her interest increased by the full value of the real estate by becoming the owner of the balance of the fee upon the death of her husband.

The order of the Board of Tax Appeals is reversed with directions to determine a tax in accordance with the views here expressed.