**LILLY v. SMITH.**

No. 6267.

Circuit Court of Appeals, Seventh Circuit.

Feb. 21, 1938.

Rehearing Denied May 11, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp.

Assts. to Atty. Gen. (Val Nolan, U. S. Atty., of Indianapolis, Ind., of counsel), for appellant.

George L. Denny and Charles C. Baker, both of Indianapolis, Ind. (Denny, Adams, Baker & Orbison, of Indianapolis, Ind., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff and his wife are residents of Indiana. In December, 1932, they acquired residential realty near Indianapolis as tenants by the entirety. Plaintiff paid therefor the sum of $300,000. He personally furnished the entire consideration except $25,-000 which came from the proceeds of the sale of their former residence, which was also held by them as tenants by the entirety. In December, 1923, plaintiff negotiated for the purchase of additional grounds adjacent to the residence and paid therefor, $6,280. This property was also deeded to plaintiff and his wife as tenants by the entirety.

The Commissioner determined that the transaction in effect was a transfer (by gift) to the wife and taxable under the Gift Tax statute. The Commissioner valued the wife's interest during their joint lives at $72,599.50, and her future interest in the event of her survivorship at $73,025. These valuations were based upon mortality tables, and plaintiff concedes their fairness. In his brief, he says: "There is no question whatever of the reasonableness of the values so set; the value of each element was agreed upon."

As to the second transfer, the Commissioner fixed the wife's interest during their joint lives at $1,557.21, and her interest upon survivorship at $1,620.24.

The Gift Tax statute, below set forth,[1] enacted in 1932, taxes transfers of property by gift. It does not specifically enumerate the transactions which are to be considered as gifts. The Commissioner, however, has promulgated regulations, also set forth below,[2] which define interests acquired by con-

[1] Gift Tax Act of 1932.

"[Sec. 501.] *Imposition of tax.*

"[Sec. 501] (a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502 [551], shall be imposed upon the transfer during such calendar year by any individual, resident, or non-resident, of property by gift.

"[Sec. 501] (b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a non-resident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act [June 6, 1932]."

"[Sec. 503.] *Transfer for less than adequate and full consideration.*

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title [chapter], be deem-

ed a gift, and shall be included in computing the amount of gifts made during the calendar year." 26 U.S.C.A. §§ 550, 552.

[2] Treasury Regulations 79 (1933 Ed.), promulgated under the Revenue Act of 1932.

"Art. 2. *Transfers reached.*—The statute imposes a tax whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible. * * * In the following examples of transactions resulting in taxable gifts, it will be understood that the transactions occurred after the date of the enactment of the statute (June 6, 1932), and were not for an adequate and full consideration in money or money's worth: * * *

"(7) Where A purchases property and has the title thereto conveyed to himself and wife as tenants by the entirety, there is a gift to the wife in the amount of the value of her interest in the property determined in accordance with the law governing the rights of the tenants, the probability of survivorship being determined by tables of mortality."

veyances of estates by the entirety to be within the purview and intendment of the act.

The contentions of the opposing parties are:

(1) There is no fatal inconsistency between the estate tax and the gift tax acts. Moreover any gift tax paid by plaintiff may be credited, if occasion arises, where the property subject to a gift tax is subjected to an estate tax.

(2) At the date of the conveyance of realty to the husband and wife as tenants by entirety, the wife received a gift, that is, she acquired a property right, to-wit, an interest in real estate, without consideration.

(3) The regulations, being merely constructive of the law, are not retroactive.

(4) Plaintiff was not merely fulfilling a legal duty of furnishing a home for his wife suitable to their station in life. He could have effected that purpose by merely buying the property and taking the entire title in himself. Their removal from the residence at any time is an ever-present right and possibility.

On the taxpayer's side it is contended:

(1) The husband intended no gift, and the District Court so found. He was merely fulfilling his marital obligation to furnish a suitable residence for his wife and family.

(2) His wife at the time of transfer received nothing of value when she received the possibility of acquiring the fee should she survive her husband. Death is the generating source of that gift; and the transfer was the subject of estate taxes, not gift taxes.

(3) The Gift Tax Act, 26 U.S.C.A. § 550 et seq., and the Estate Tax Act, Revenue Act 1926, § 301 et seq., 26 U.S.C.A. § 410 et seq. are to be construed in *pari materia,* and since interests acquired through conveyances of estates by the entirety are specifically covered by the Estate Tax Act, and not mentioned in the Gift Tax Act, it is clear that Congress did not intend to include such acquisitions in the Gift Tax Act.

The case, it seems to us, is governed by the decisions in Lang v. Commissioner, 289 U.S. 109, 53 S.Ct. 534, 535, 77 L.Ed. 1066, and Tyler v. U. S., 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Helvering v. Bowers,[3] 58 S.Ct. 525, 82 L.Ed. ——, decided Feb. 7, 1938; Foster v. Commissioner, 58 S.Ct. 525, 82 L.Ed. ——, decided Feb. 7, 1938; Id., 9 Cir., 90 F.2d 486.

An estate by the entirety was created by the deed to husband and wife. Where such an estate is created, the interest of one spouse may ripen into a fee simple upon the death of the other. It is, however, the conveyance to both of them, and not the death of either, that *creates* the estate which ripens into the fee simple. It is important to keep in mind that death is not the source of title. As stated in Lang v. Commissioner, supra:

"An estate by the entirety is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common-law principle of marital unity; and is said to be *sui generis.* Upon the death of one of the tenants 'the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other;' * * * In the present case, therefore, when the husband died, the wife, in respect of this estate, did not succeed to anything. She simply continued, in virtue of the nature of the tenancy, to possess and own what she already had. Giving the words of the statute their natural and ordi-

---

"Art. 19. *Valuation of property.*—(1) *General.* * * *

"(8) *Tenancies by the entirety.*—Where the donor purchases property and causes the title thereto to be conveyed to himself and wife as tenants by the entirety, or causes to be created such a tenancy in respect to property already owned by him, and under the law of the jurisdiction governing such tenancy the wife has no right of severance of her interest, the value of the gift is the present worth of her right, if any, to a portion of the income of the property, plus the present worth of her right to absolute title determined upon the basis of the probability of her surviving the donor. Cases involving the value of a right of survivorship may be submitted to the Commissioner, who will make the computation in accordance with recognized actuarial principles and advise the donor thereof."

[3] In the Bowers Case, the Supreme Court reversed a decision of the Circuit Court of Appeals (Bowers v. Com'r, 7 Cir., 90 F.2d 790) which would have limited the value of the interest of a tenant in an estate by the entirety upon death of one spouse to not more than one-half of the value of the fee.

nary meaning, as must be done, it is obvious that nothing passed to her by bequest, devise, or inheritance."

The confusion which results from the holding that the survivor acquired an interest which is the subject of an estate tax, which is upheld in Tyler v. U. S., supra, and the further holding that the estate tax shall be based on the value of the fee, as held in Helvering v. Bowers, decided February 7, 1938, must, if reconciliation be possible, be cleared up by the language appearing in the Lang opinion. We quote therefrom:

"In other words, the death of the husband had the effect of freeing the estate from his equal right of participation in its possession, use and disposition, which, while he lived, stood in the way of the wife's exclusive enjoyment of those rights which ordinarily flow from ownership; and this expansion of her power of control, and consequent enlargement of its value, furnished a sufficient occasion for the imposition of an excise tax, which Congress might denominate a death tax, or a transfer tax, or anything else it saw fit, although in the absence of an expression of the legislative will, it properly could not thus be characterized. Tyler v. United States, supra, 281 U.S. 497, at pages 502, 503, 50 S.Ct. 356 [74 L.Ed. 991, 69 A.L.R. 758].

"If the legislation here under review results in imposing an unfair burden upon the taxpayer, the remedy is with Congress, and not with the courts. Unless there is a violation of the Constitution, Congress may select the subjects of taxation and tax them differently as it sees fit; and if it does so in plain words, as it has done here, the courts are not at liberty to modify the act by construction in order to avoid special hardship. Crooks v. Harrelson, 282 U.S. 55, 61, 51 S.Ct. 49, 75 L.Ed. 156."

In other words, the nature of the estate created and the legal consequences which follow the execution of the deed to the husband and wife are determined by the law of the state wherein the conveyance is made. Still the Federal Government may impose Federal estate taxes and define the subject-matter to which they are applicable and according to Helvering v. Bowers and Tyler v. U. S., may tax an interest held by a tenant by entirety on a basis and on a theory at variance with the view which is generally accepted as to the origin and value of such estates by entirety.

It may be hard to reconcile the two holdings, but consistency can only be obtained by a reading of the Tyler Case wherein it is clearly pointed out that the Government's right to tax is not dependent upon the well-recognized origin and characteristics of an estate by the entirety. It is likewise sufficient to uphold the Gift Tax to observe that an estate was created when the deed to husband and wife was delivered. The extent and value of that estate in the wife is not here in dispute. She, however, received it without any consideration and to that extent she must be said to be the recipient of a gift. As to her it was a transfer by gift, and subject to Federal Gift Tax.

This conclusion assumes that the Estate Tax law as that law has been construed does not necessitate such a construction of the Gift Tax Statute as excludes gifts by the one spouse to the other through the creation of an estate by the entirety.

The fact that the estate of the decedent must pay an estate tax on the entire value of the fee simple upon the death of the spouse would be more persuasive if the same statute (The Estate Tax Act) did not provide for a credit of the amount paid as Gift Tax on the Estate Tax.

Nor are we able to accept the argument that the wife received nothing of value when the estate by entirety was created, nor the plaintiff's contention that the transfer was merely the fulfillment, by the husband, of a marital obligation to furnish a suitable residence for his family.

The transfer to the husband and wife created in the wife an estate, different from that which is known as her right of dower or her interest in the homestead. What she received could not be taken from her against her will, nor was her prospective right to hold the same in fee simple upon her husband's death subject to be defeated by her spouse during his life or by his will. In short, it was an interest in her in land which was purchased and paid for by her husband. It was a gift from him.

Our conclusion is that the gift tax applies to transfers to the wife of an estate known as an estate by the entirety.

The judgment is reversed.