CORRELIA MASON THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86400. Promulgated April 29, 1938.

*Abraham E. Margolin, Esq.,* and *John S. Wright, Esq.,* for the petitioner.

*Paul E. Waring, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a gift tax for 1934 in the amount of $752.84. The question in issue is whether the petitioner is taxable upon the total value of the gift made by herself and her husband to a trustee for the benefit of their children, or upon that value reduced by the estimated value of the inchoate right of curtesy of the husband in the real estate conveyed.

The petitioner is a resident of Kansas City, Missouri. She was married to E. H. Leo Thompson on September 28, 1898, and has been at all times since, and is now, his lawful wedded wife.

On December 28, 1934, the petitioner was 55 years of age and her husband 61 years of age. On that date the petitioner owned and had legal title to certain real estate in Kansas City, Jackson County, Missouri, of the fair market value of $358,815.

On December 28, 1934, the petitioner and her husband jointly conveyed by warranty deed and trust indenture this real estate absolutely

and irrevocably by gift, upon the uses and trusts stated in the trust indenture, for the benefit of their three children.

The petitioner made and filed with the collector of internal revenue at Kansas City, Missouri, a gift tax return for the calendar year 1934 on form 709, reporting thereon as the value of her entire interest in the above mentioned property so conveyed the sum of $349,404.49 and paid a gift tax thereon of $18,077.36. In determining the value of her interest in the property the petitioner deducted from the fair market value thereof, admitted to be $358,815, $9,410.51 alleged to represent the inchoate curtesy interest of her husband therein. This inchoate curtesy interest of her husband in the aforesaid property was computed in accordance with Giauque & McClure's 4 percent contingent dower tables.

The husband of the petitioner also made and filed with the collector at Kansas City a gift tax return for the calendar year 1934 and reported thereon $9,410.50 which he contended represented the fair market value of his inchoate curtesy interest in the real estate conveyed.

In computing the deficiency herein the respondent has determined that the petitioner's husband's inchoate right of curtesy in the property was not the subject of a gift by him in 1934, and has accordingly added to the value of the gift reported by the wife the amount which the husband reported for gift tax purposes as the value of his curtesy interest.

Section 501 of the Revenue Act of 1932 provides:

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *

Section 506 of the same act provides:

If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift.

The Revised Statutes of the State of Missouri, 1929, vol. 1, provide as follows:

Sec. 318. *Dower in real estate.*—Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life. Dower in leasehold estate for a term of twenty years or more shall be granted and assigned as in real estate; for a less term than twenty years, shall be granted and assigned as in personal property.

Sec. 319. *Widower shall have same share in real estate of his deceased wife.*—The estate which a widower may have in the real estate of his deceased wife

known as "tenancy by the curtesy," is hereby abolished, and in lieu thereof the widower shall have the same share in the real estate of his deceased wife that is provided by law for the widow in the real estate of her deceased husband, with the same rights of election and the same limitations thereto: *Provided*, that nothing contained in this section shall be so construed as to defeat any estate by the curtesy which shall have vested prior to the date of taking effect of this law.

\*     \*     \*     \*     \*     \*     \*

SEC. 3015. *Estate of wife conveyed and dower relinquished, how—covenants, when binding on wife or husband.*—A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed acknowledged and certified as herein provided. And any covenant expressed or implied in any deed conveying property belonging to the wife, shall bind the wife and her heirs to the same extent as if such wife was a *femme sole*. But no covenant in any deed, conveying property belonging to the wife shall bind the husband, nor shall any covenant in any deed conveying the property of the husband bind the wife except so far as may be necessary to effectually convey from the husband or wife, so joining therein and not owning the property, all the right, title and interest expressed to be conveyed therein: *Provided, however*, that where the property conveyed is owned by the husband and wife as an estate by the entirety, then both shall be bound by the covenants therein expressed or implied.

The foregoing statutes were in full force and effect at the date of the gift.

In 19 Corpus Juris 493, section 105, it is stated:

The inchoate right of dower is neither a title, nor an estate in land, nor a lien upon the husband's land, nor a personal claim against the husband. It confers upon the wife no right of possession or control of the land to which it attaches. Some decisions deny that it is even an interest in land (*Goodkind* v. *Bartlett*, 136 Ill. 18, 26 N. E. 387; *Brannock* v. *Magoon*, 216 Mo. 722, 727, 116 S. W. 500; *Witthaus* v. *Schack*, 105 N. Y. 332, 11 N. E. 649), and describe it as a mere possibility of a future interest. \* \* \* While inchoate dower is not a vested property right, it is more than a possibility, and amounts to a contingent right which may ripen into an estate in case the husband dies first. The wife's interest of this contingent nature may be regarded as vested in some senses. It is generally conceded that it is a valuable, substantial right, possessing in contemplation of law many of the incidents of property to be estimated and valued as such.

\*     \*     \*     \*     \*     \*     \*

The inchoate right of dower is incapable of transfer by grant or conveyance, but during its inchoate state is susceptible only of extinguishment.

In *Reiff* v. *Horst*, 55 Md. 42, 47, it is stated:

\* \* \* It results from these authorities that the wife's inchoate right is not such a right as may be bargained and sold. Her deed does not pass any title. It operates only by way of estoppel or release. And any words of release would be as effectual as words of grant. She cannot convey it to a stranger. It is only released to the owner of the fee. \* \* \*

The court also observed that "we have no scale or standard for ascertaining its present worth."

In *Frank J. Digan*, 35 B. T. A. 256, the facts were that out of the sale price of real property in New York a husband caused an amount to be paid directly by the purchaser to the wife, who had theretofore refused to release her dower. The husband claimed that the amount so paid to the wife was no part of his gross income. We held that the entire sale price inured to the husband and was properly used to measure his taxable gain, and cited in support thereof *Witthaus* v. *Schack*, 105 N. Y. 332; 11 N. E. 649; *Crawford* v. *Woods*, 117 Misc. Rep. 150; 191 N. Y. S. 786; *Stokes* v. *Stokes*, 119 Misc. Rep. 168; 196 N. Y. S. 184.

An appeal from our decision in the *Digan* case, *supra*, was taken to the Circuit Court of Appeals for the Second Circuit, but was voluntarily dismissed by the petitioner on review.

In *Kober* v. *Kober*, 324 Mo. 379; 23 S. W. (2d) 149, the Supreme Court of Missouri stated as follows:

Inchoate dower is a valuable right or interest of the wife, which constitutes an incumbrance on the husband's title; it has the attributes of property, real property; it is a legal estate in expectancy, a right to the future enjoyment of an estate, contingent upon the happening of an uncertain event. *Teckenbrock* v. *McLaughlin*, 246 Mo. 711, 718, 152 S. W. 38. Because inchoate dower, though contingent and uncertain, possesses the elements of property, a wife may maintain an action for its protection, even against her husband. * * *

This recent case epitomizes rules made in many earlier decisions of the courts of the State of Missouri holding that inchoate dower is property and protecting it, against attempts to defeat it, as property. See *Walker* v. *Deaver*, 79 Mo. 664, 675; *Hafner* v. *Miller*, 252 S. W. 722, 725.

In *Ferguson* v. *Dickson* (C. C. A., 3d Cir.), 300 Fed. 961, it was held that the relinquishment of inchoate dower by means of an antenuptial agreement, in consideration of a transfer of securities in trust, was a bona fide sale for a fair consideration for money's worth. The court held:

* * * The exact question is whether or not the property constituting her inchoate right of dower, for which Mr. Dickson sold the securities, was money or money's worth. The statement of the proposition is its own answer. Inchoate right of dower is the separate property of the wife, and has pecuniary value and is money's worth. *Beal's Executor* v. *Strom*, 26 N. J. Eq. 372, 376; *Wheeler* v. *Kirtland*, 27 N. J. Eq. 534; *Magniac* v. *Thomson*, 32 U. S. (7 Pet.) 346, 8 L. Ed. 709.

In *Bealey* v. *Blake*, 153 Mo. 657; 55 S. W. 288, 292, it is said:

* * * When a wife joins a husband in a deed to his land, and relinquishes her dower, it is implied thereby that a portion of the consideration named in the deed or actually paid represented the value of her dower interest. * * *

In *Tebeau* v. *Ridge*, 261 Mo. 547; 170 S. W. 871, the question in issue was whether a party who had a contract with Ridge for the

purchase of real estate owned by him would be compelled to convey the property. The defendant claimed that specific performance should be denied because the wife was not a party to the contract. The Supreme Court, after an elaborate review of conflicting lines of authority, sustained the petitioner's contention and held that the husband should convey the property and that the purchaser should pay the consideration called for in the contract:

* * * diminished by the value, as of the time of the trial, of the inchoate contingent dower of Mrs. Effie S. Ridge in the one-third part thereof, calculated at 6 per cent. upon the basis of a life in the contingent dowress of two years, nine months, and six days more than that of defendant, and being therefore the sum of $2,863, and leaving to be paid to defendant the sum of $65,337. Giauque and McClure's Tables, pp. 18, 20, and 158. * * *

The rule of *Tebeau* v. *Ridge, supra,* has been followed by the courts of Missouri in an unbroken line of decisions. In *Grayson* v. *Grayson,* 220 Mo. App. 653; 190 S. W. 930, wherein the plaintiff sued to recover the value of an inchoate right of dower out of which she claimed the defendants defrauded her, the court held:

It is suggested that there was no tangible value to an inchoate right of dower, and that it was therefore error to include anything in the verdict for such right. This is ruled to the contrary in *Tebeau* vs. *Ridge,* 261 Mo. 547, 170 S. W. 871, L. R. A. 1915C, 367. * * *

In the instant proceeding the petitioner was the owner of the real estate conveyed. The husband had no ownership in it. At most he had a right to enjoy the income from a portion of the property if he outlived his wife. By joining in the deed of conveyance he did not make a gift to the trustee, but merely released to the owner his inchoate curtesy interest. We do not think that he made a gift of any property to the trustee for the benefit of the children. The mere fact that his curtesy interest was valuable for some purposes is not determinative of the issue involved herein. If the husband had property which was the subject of a gift, how did he acquire that property? By gift? A corollary of the petitioner's contention herein would appear to be that in any case where a married person in the State of Missouri purchased real estate he made a gift to his spouse of the value of the curtesy interest. If this was so, the purchaser of real property after the effective date of the Gift Tax Act of 1932 would be required to make a gift tax return if the value of the dower or curtesy interest at that time was in excess of a given amount. We are of the opinion that such is not the law. We think that the respondent correctly determined that the petitioner was liable to gift tax upon the total value of the property conveyed by herself and husband jointly to a trustee for the benefit of their children.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*