### HOPKINS v. MAGRUDER, Collector of Internal Revenue (two cases).

### Nos. 6483, 6507.

District Court, D. Maryland.

July 19, 1940.

Subsequent Opinion Sept. 25, 1940.

See 35 F.Supp. 79.

Niles, Barton, Morrow & Yost, Carlyle Barton, Henry W. Schultheis, and Charles F. Quandt, all of Baltimore, Md., for plaintiff.

G. Randolph Aiken, Asst. U. S. Atty., and Arthur L. Jacobs, Sp. Asst. to the Atty. Gen., for the Government.

WILLIAM C. COLEMAN, District Judge.

These two cases, which were heard together, present questions involving the right of plaintiff to the refund of certain federal gift taxes.

In case No. 6483, the precise question presented is this: Where there has been a transfer of property by a husband to himself and his wife, creating a tenancy by the entireties, which transfer becomes subject to a federal gift tax under the provisions of Section 501 of the Revenue Act of 1932, as amended, is the

value of the dower interest of the wife in such property, allowable as a deduction in computing the value of the transfer as a gift?

The material facts surrounding the transfer here involved are as follows: In December, 1934, the plaintiff conveyed to himself and his wife as tenants by the entireties, subject to a life estate in his mother, fee-simple property located in Baltimore County, Maryland. Prior thereto plaintiff alone had the fee-simple title to the entire property subject to a life estate in his mother. Plaintiff filed a return of this transfer but admitted no liability for gift tax thereon. Thereupon, the Commissioner of Internal Revenue determined that there was a taxable gift, and assessed a tax in respect thereto of $178.83; and in computing the value of the property on which the tax was assessed, he refused to allow as a deduction therefrom the value of the dower interest of plaintiff's wife. On October 16th, 1937, the plaintiff, upon demand by the Collector, paid the aforesaid tax together with interest, this payment amounting in all to $205.46. On February 24th, 1938, the plaintiff filed with the Collector a claim for refund of this amount plus interest thereon to the date of refund. This claim was rejected March 31st, 1938, and the present suit resulted.

The applicable tax statute, Section 501 of the Revenue Act of 1932, as amended, 26 U.S.C.A. Int.Rev.Acts, page 580, is as follows:

"(a) For the calendar year 1932 and each calendar year thereafter a tax * * * shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *."

These provisions are interpreted by Treasury Regulations 79, Article 2(7), as follows: "If a husband with his own funds purchases property and has the title thereto conveyed to himself and wife as tenants by the entireties, and under the law of the jurisdiction governing the rights of the tenants, there is no right of severance by which either of the tenants, acting alone, can defeat the right of the survivor of the whole of the property, there is a gift to the wife in an amount to be determined by adding to the value of her right, if any, under the law of such jurisdiction to a share of the income or other enjoyment of the property during the joint lives of herself and husband, the value of her right to the whole of the property should she survive him, the value of each of such rights to be determined in accordance with the Actuaries or Combined Experience Table of Mortality, as extended." It is to be noted that there is no reference to dower in either the above law or Regulations. The basis of plaintiff's contention that the value of his wife's dower interest should be allowed as a deduction in computing the amount of the gift tax payable, is that before the transfer of the property by him, vesting title thereto in both himself and his wife as tenants by the entireties, his wife had a dower interest therein acquired upon her marriage to the plaintiff, and that therefore the value of such interest should be deducted after having been calculated in accordance with Rule 21 of the Rules of the Circuit Courts of Baltimore City and Article 16, Section 45 of the Maryland Code, which stipulate the method of calculating dower and life interests. In support of its position plaintiff relies, among other things, upon the fact that the right of dower as it exists in Maryland is recognized for tax purposes. See Tait v. Safe Deposit & Trust Co., 4 Cir., 70 F.2d 79. The Government's position is based upon three major contentions: (1) That the value of the dower interest is not deductible because dower does not attach to a reversionary interest such as we have here; (2) that prior to the transfer here involved, plaintiff had only an expectancy and the later created tenancy by the entireties superseded it, giving to him and his wife each an undivided whole of the property in reversion; and (3) that dower, being an inchoate right and not capable of separate conveyance, may not therefore be given a value for purposes of deduction under the tax statute here involved.

Government counsel urged at the trial that plaintiff should not be allowed to raise the present question in this suit because it was not raised originally in the claim for refund. We find, however, that this argument is without merit because the point was raised in the course of the protracted negotiations with the Internal Revenue Department, and, in any event, the Government has waived its right to resist the presentation of the point in the present

suit, because of the fact that the Government has specifically replied to it in its answer to the present complaint, that is to say, has joined issue on this point, and therefore cannot now be heard to say that the plaintiff is urging something new, something of which the Internal Revenue Department has not heretofore been apprised by the plaintiff. Such cases as United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025, and United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405, are not in point.

In order to determine which contention is the correct one,—that of the plaintiff or of the Government,—it is necessary first to understand the precise nature of the right of dower as it existed in Maryland at the time of the transfer in question.

▆▆▆ The common-law right of dower is still preserved in Maryland, that is, the right which the wife acquires by marriage in one-third of the real estate of her husband, constituting an encumbrance to this extent in her favor during her lifetime and which represents a power on her part to demand an estate of this extent upon her husband's death. That is to say, until the death of the husband, the wife has merely a contingent right or interest, and therefore she has no estate before his death, legally or equitably, liable to levy and execution. Until his death she has a possibility of an estate conditioned upon her survival of him. She may relinquish this dower right by joint deed with her husband or by her separate deed, but it may not be defeated by the husband's conveyance during his own lifetime without her consent. It is not subject to claims of her husband's creditors. However, in Maryland the wife may, in lieu of her dower right, elect to take 50% of the value of her husband's real property. See Annotated Code of Maryland (1924) Article 45, Section 6; same, Article 46, Sections 2, 3 and 4; and same, Article 93, Section 311. See, also, Tait v. Safe Deposit & Trust Co., supra.

On the authority of Lilly v. Smith, 96 F.2d 341, a decision of the Circuit Court of Appeals for the Seventh Circuit, plaintiff concedes that the present transfer to himself and his wife as tenants by the entireties constitutes a transfer by gift which is taxable under the federal statute. While the Supreme Court has not actually passed upon this question, we believe that the decision in the Lilly case is correct. The Supreme Court denied certiorari, 305 U.S. 604, 59 S.Ct. 64, 83 L.Ed. 383, and also a motion for a rehearing, 307 U.S. 651, 59 S.Ct. 1040, 83 L.Ed. 1530. The transfer was in Indiana and the tax was assessed under the same statute here under review. The court rejected the four major contentions of the taxpayer: (1) that the husband intended no gift since he was simply fulfilling his marital obligations to furnish a suitable residence for his wife and family; (2) that the wife at the time of transfer received nothing of value other than the possibility of acquiring the fee should she survive her husband; (3) that death being the generating source of the gift, the transfer was the subject of estate taxes, not gift taxes; and (4) that the Gift Tax Act, 26 U.S.C.A. Int.Rev.Acts, page 580 et seq., and the Estate Tax Act, Revenue Act of 1926, Sec. 301 et seq., 26 U.S.C.A. Int.Rev.Acts, page 225 et seq., are to be construed in pari materia, and that since interests acquired through conveyances of estates by the entireties are specifically covered by the Estate Tax Act and not mentioned in the Gift Tax Act, Congress must be presumed not to have intended to include such acquisitions in the latter act. Relying upon the cases of Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758, and Helvering v. Bowers, 303 U.S. 618, 58 S. Ct. 525, 82 L.Ed. 1083, the court held that although the nature of an estate created, and the legal consequences which follow the same, are determined by the laws of the State wherein the conveyance is made, Congress may tax an interest held by a tenant by the entireties on a basis and on a theory at variance with the view generally accepted as to the origin and value of such an estate.

▆▆▆ The question relating to dower was not adjudicated in the Lilly case. Plaintiff, however, claims support for his present contention in the following statement of the court in the Lilly case, 96 F.2d at page 344, (italics inserted); "The transfer to the husband and wife created in the wife an estate, *different from that which is known as her right of dower* or her interest in the homestead. What she received could not be taken from her against her will, nor was her prospective right to hold the same in fee simple upon her husband's death subject to be defeated by her spouse during his life or by his will. In short,

it was an interest in her in land which was purchased and paid for by her husband. It was a gift from him." To the same effect is the more recent case of Commissioner v. Hart, 106 F.2d 269, a decision of the Third Circuit Court of Appeals. There, also, the precise question now before us was not decided. However, we conclude that the position of the Government in the present case is the correct one.

Whatever may be said of the separate right of dower considered under other circumstances than those here presented, the wife in the present case, upon the creation of the tenancy by the entireties, acquired an undivided interest in the entire property in which she had heretofore had merely an expectancy, that is, the inchoate right of dower was thus superseded by and merged into the larger estate. While we do not concur in one point asserted by the Government, namely, that under Maryland law the value of this dower is not deductible because dower does not attach to a reversionary interest, since the latter is not true (see Chew v. Chew, 1 Md. 163; Shriver v. Shriver, 127 Md. 486, 96 A. 615), nevertheless the fact that the wife's dower interest had previously been created, namely, by her marriage to plaintiff, and therefore had previously attached to the property, does not justify making a deduction for its value. The tax computation has been made not upon the present worth of the wife's right to the whole use of the whole property for so long as she and her husband shall both survive the life estate (plus the present worth of the right to receive the whole property should she survive her husband also), but merely upon the present worth of the wife's right to one-half of the use of the whole property (plus the present worth of the right to receive the whole property should she survive her husband also), so the gift to the wife has been computed to embrace only rights which she actually possessed at the time the gift took place,—rights that had present worth; whereas an inchoate dower interest has no present worth. She could not, prior to her husband's death, deed it away to some one else whether her husband consented or not, but her tenancy by the entireties she could so deed, albeit it required joint action by her husband. Hill v. Boland, 125 Md. 113, 93 A. 395, Ann. Cas.1917A, 46. In short, we are being asked to place a value upon something, the present worth of which the Court of Appeals of Maryland has said can be ascertained by no scale or standard. Reiff v. Horst, 55 Md. 42. Article 16, Section 45 of the Maryland Code, relates only to cases of sale of dower where the widow has consented to sale of the entire estate, free of any dower claim.

A dower interest is taxable, to be sure, but not until it ceases to be inchoate and actually vests, namely, upon the death of the husband,—as in the case of an estate tax, assessed upon it. Thus, such decisions as Tait v. Safe Deposit & Trust Company, supra, are really not in support of but against plaintiff's contention.

In harmony with the view which we take is Thompson, Petitioner, v. Commissioner of Internal Revenue, 37 B.T.A. 793, a decision rendered in 1938 by the Board of Tax Appeals which, as far as we are advised, has not been appealed. There the petitioner, who owned real estate in Kansas City, Missouri, made a gift of it in 1934 to a trustee for the benefit of her children. Her husband joined in the deed of conveyance. The petitioner returned it for gift tax purposes at the full value less an amount which it was estimated was the value of the husband's inchoate curtesy interest. The husband made a gift tax return of the estimated value of his inchoate curtesy interest. The same statute was involved. The Commissioner determined that the petitioner was liable for the gift tax upon the entire value of the property, and this position was affirmed by the Board.

Although that case had to do with the laws of Missouri and with the husband's right of curtesy or dower rather than with the wife's dower right, today in Maryland the husband has a corresponding dower right with that of his wife, and the same reasoning applied in that case appears to be applicable here. In the course of its opinion, the Board of Tax Appeals made the following observations pertinent to the present case, 37 B.T.A. at page 797: "A corollary of the petitioner's contention herein would appear to be that in any case where a married person in the State of Missouri purchased real estate he made a gift to his spouse of the value of the curtesy interest. If this was so, the purchaser of real property after the effective date of the Gift Tax Act of 1932 would be required to make a gift tax return if the value of the dower or curtesy interest at that time was in excess of a given amount. We are of the opinion that such is not the law. We think that the respondent cor-

rectly determined that the petitioner was liable to gift tax upon the total value of the property conveyed by herself and husband jointly to a trustee for the benefit of their children."

We turn now to a consideration of the facts and such additional questions as may be presented in case No. 6507, consolidated and heard with case No. 6483.

The sole additional question presented in this second case is whether one or several exclusions of $5,000 is allowable under Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585,—that is to say, the same act we have just been considering,—in determining the amount of gifts in a trust. Section 504(b) of the Revenue Act of 1932 is as follows: "Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." This section has been interpreted as follows by Article 10 of Regulations 79: "In determining the amount of gifts during any calendar year, there is excluded (save in the case of a gift or gifts of a future interest or interests) the first $5,000.00 of any single gift or aggregate of gifts made during such year to any one donee. A gift or gifts made during a given calendar year to any one donee of $5,000.00, or less, should not be listed on the return, unless consisting of a future interest or interests, or unless consisting of a present interest or interests created out of the same property in which a future interest or interests has been given. * * *"

The material facts are as follows: On December 21st, 1935, the plaintiff made an irrevocable transfer to the Maryland Trust Company, as trustee, for the benefit of his children, of property consisting of securities having a value as of the date of transfer of $105,511.76. At the time of the creation of the trust the plaintiff had three children and they, as well as any future children, were comprehended in the trust and no child was actually referred to by name. A federal gift tax return for the calendar year 1935 was duly made by plaintiff in which he excluded, in determining the amount of the gifts in trust, the sum

of $15,000 representing the first $5,000 of the gift to each of his children, and the plaintiff paid pursuant thereto a tax in the amount of $1,510.95, and later he paid an additional tax of $66.17 as a result of an inadvertent error having been discovered with respect to the valuation of some of the property embraced in the trust. Thereafter the plaintiff, having been notified by the Deputy Commissioner of the determination of a deficiency in plaintiff's federal gift tax liability for the year 1935, on October 16th, 1937, paid the deficiency so determined in the amount of $1,747.37 together with interest thereon in the amount of $155.42, and followed this payment by filing two claims for refund in the amounts of $2,367.78 and $2,740.21, respectively, included in which was the additional deficiency tax and interest just referred to totaling $1,902.79. On March 31st, 1938, the Commissioner issued a certificate of over-assessment in favor of the plaintiff in the amount of $352.79 and refunded this amount to the plaintiff on May 13th, 1938. However, the Commissioner rejected plaintiff's claims for refund with respect to all amounts in excess of this last-mentioned sum, ruling that in determining the amount of the gifts in trust there should be deducted only one exclusion of $5,000 from the total amount thereof. The present suit followed.

It is the position of the plaintiff that the creation of the trust constituted gifts by him of present interests in the trust property to his three children, and that in computing the value thereof there should have been allowed three exclusions of $5,000 each under the provision of the 1932 Act above quoted, representing the first $5,000 of the gifts to each of his children.

Since the precise question here involved, under the same statute, has been litigated in this circuit in the case of Fergus Reid v. N. B. Early Jr., Collector, and is now on appeal from the District Court for the Eastern District of Virginia (whose decision was favorable to the tax-payer in that case and, therefore, favorable to the present plaintiff); and since arguments have been recently heard on this appeal and a decision may be rendered in the near future, this court feels that it should defer its own decision, pending action by the Circuit Court of Appeals.[1]

[1] [112 F.2d 718.]