DEACON v. POWERS, GUARDIAN.

REPLEVIN.—*Pleading.—Justice of the Peace.—Title to Lands.—Answers to In-terrogatories.—Motion in Arrest.—Supreme Court.*—In an action by the guardian of certain minors, to recover possession of certain property, commenced before a justice of the peace and thence appealed to the circuit court, the complaint alleged that the defendant had unlawfully entered upon certain real estate, belonging to such minors and another as tenants in common, and had cut down and converted into logs certain timber growing thereon, and had unlawfully carried the same away; that such logs were the property of such tenants in common; that the defendant unlawfully detains such logs from the plaintiff, "who is entitled to the possession thereof;" and that the same have not been taken by virtue of any execution, etc. Upon issue formed by an affidavit denying that the plaintiff was such guardian, there was a trial resulting in a general verdict for the plaintiff, and in special findings that no demand had been made before suit, that one of such wards was of age, and in possession of such real estate, at the commencement of the suit, and that such tenants in common were the owners of such real estate and logs.

*Held*, on appeal to the Supreme Court, the evidence not being in the record, that it does not appear that the title to real estate was in issue.

*Held*, also, that, under the allegations of the complaint, the plaintiff could, and the Supreme Court will presume he did, introduce evidence entitling him to the verdict.

*Held*, also, that the answers to interrogatories are not inconsistent with the general verdict.

*Held*, also, on motion in arrest, that the complaint is sufficient, the allegation as to the title of the land being immaterial, and the gist of the action being merely as to the right of possession of the logs.

From the Cass Circuit Court.

*M. Winfield*, for appellant.

*D. P. Baldwin*, for appellee.

BIDDLE, C. J.—Thomas Powers, as guardian of certain minor children, brought this suit before a justice of the peace, alleging in his complaint, that said minors and Francis M. Crume were the owners in fee-simple of certain undivided lands, described; that the appellant wrongfully entered upon said lands, cut down and hauled away certain black walnut saw-logs; that said logs are unlawfully detained from the plaintiff, who is entitled to the posses-

sion thereof; that they are owned by said minors and Crume, and have not been taken from them by virtue of any execution, or any other writ. Wherefore they demand judgment for the recovery of said logs, etc.

The formal averments of date, venue, value, etc., are properly made in the complaint.

Judgment in favor of the appellee before the justice, from which the defendant below appealed to the circuit court, wherein a trial by jury was had, and a verdict found in favor of the appellee. Besides the general verdict in favor of the appellee, and the answers to ten special interrogatories, none of which are inconsistent with the general verdict, the jury answered certain other special interrogatories propounded on the motion of the appellant, as follows:

"1. Did not the defendant, William C. Deacon, purchase the property in controversy from one of the heirs of Francis M. Powers, deceased, in good faith, believing that he was of age and had the right to sell?

"Answer. No proof.

"2. If you answer question No. 1 in the affirmative, was there any demand of the defendant for the property before the commencement of this suit?

"Answer. No.

"3. Was not Mary E. Powers, one of the heirs of Francis M. Powers, deceased, and having an interest in this property, of the age of twenty-one years at the commencement of this suit?

"Answer. Yes.

"4. If you answer question No. 3 in the affirmative, was she not in possession of the lands as a tenant in common with the guardian and Crume?

"Answer. Yes."

Besides these interrogatories and answers, there were two moved for by the appellee, which, with their answers, are as follows:

"3. Did not said Crume and said children own the

lands from which the logs in controversy were taken, at the commencement of this suit?

"Answer. Yes.

" 8. Were not said Crume and said children the own-ers of said logs at the commencement of this suit?

"Answer. Yes."

Exceptions were reserved to the overruling of a motion in arrest of judgment, and the court, upon the general verdict and special findings, and over a motion for a judgment in favor of appellant on the special find-ings, rendered judgment for the appellee. The appellant laid the proper foundation and took his appeal to this court.

Enough of the proceedings are thus stated to present the questions discussed by the appellant in his brief, which are but two:

" 1st. The action of the court in overruling appellant's motion for a judgment on the answers of the jury to in-terrogatories.

" 2d. The overruling the motion in arrest of judg-ment."

The appellant insists, that the title to the lands was put in issue before the justice of the peace, and, therefore, that he had no jurisdiction to try the case. The title to land was not put in issue by plea supported by affidavit; and, as the evidence is not before us, we can not say that it manifestly appeared from the proof to be in issue. 2 R. S. 1876, p. 607, sec. 12.

There was a plea sworn to and filed before the justice of the peace, but it only put in issue the guardianship of the appellee. The title to lands, therefore, was not in issue. *Maxam* v. *Wood,* 4 Blackf. 297; *Rogers* v. *Perdue,* 7 Blackf. 302; *Wolcott* v. *Wigton,* 7 Ind. 44.

The following cases touching the jurisdiction of the late court of common pleas, where the title to real estate came in question, are based upon the same principle: *Car-ver* v. *Williams,* 10 Ind. 267; *Harvey* v. *Dakin,* 12 Ind.

481; *Spears* v. *Featheringill,* 14 Ind. 402; *Macy* v. *Allee,* 18 Ind. 126.

It is also urged on behalf of the appellant, that, as the answers to the special interrogatories ,show that Mary E. Powers was twenty-one years of age at the time this suit was commenced, and that Francis M. Crume was part owner of the lands as a tenant in common with the minor plaintiffs below, and also a joint owner of the logs at the commencement of the suit, therefore the appellee, as guardian, can not maintain this action. And, as a legal principle, it is insisted, that "a part owner of a chattel can not maintain replevin for his undivided interest."

We concede that a part owner of a chattel, as a tenant in common with other owners of the same chattel, can not, merely on the ground of his partnership, maintain replevin for the possession of the chattel so owned in common; but if he alleges an unlawful detention, and his title to possession, he may prove such facts, even against his co-tenants in the general ownership of the property. Admitting, therefore, all that the appellant claims, we can not say, without the evidence before us, that the judgment in this case is wrong. It was only necessary that the appellee should prove the unlawful detention of the logs and his right to their possession, to maintain his action; and, conceding that the ownership of a chattel raises the presumption of the right to its possession, it is only a presumption which may be overthrown by evidence. We can not say, therefore, that no such evidence was given. In other words, we can not allow a presumption of law, which may be rebutted by evidence, to disturb a verdict found against it, when the evidence is not in the record. Under the pleadings, any legitimate evidence was admissible to prove, that, notwithstanding the majority of Mary E. Powers and the part ownership of the logs in Crume, the detention was unlawful, and the right of pos-

session was in the appellee; and, in favor of the verdict, we must presume that such evidence was given.

We think the motion in arrest of judgment was properly overruled.

The complaint is sufficient. It describes the personal property, alleges the ownership, the unlawful detention, and the right to possession, and that the same has not been taken by virtue of any execution, or other writ against the plaintiff. 2 R. S. 1876, p. 628, sec. 71.

The allegation as to the title of the lands from which the logs were averred to have been cut is immaterial. The complaint is sufficient without it. Any proof by proper evidence as to the title of the logs would support the case.

The judgment below is affirmed, with costs.