Pacey v. Powell.

No. 11,569.

PACEY v. POWELL.

97 371
126 33

REPLEVIN.—*Possessory Action.*—*Evidence.*—*Presumption.*—*Supreme Court.*—
An action of replevin is a possessory action, but where the plaintiff re-
covers judgment, and the evidence is not in the record, the Supreme
Court will presume, in support of the judgment, that he introduced evi-
dence tending to prove his right to the possession of the property in
controversy.

From the Delaware Circuit Court.

*H. D. Thompson, T. B. Orr, O. J. Lotz* and *F. Ellis,* for
appellant.

HOWK, J.—In this case, the appellee sued the appellant
to recover the possession of a certain gray mare, of which
the appellee alleged that he was the owner and entitled to
the immediate possession, and that such mare had been
wrongfully taken and was unlawfully detained by the appel-
lant, at Delaware county. The cause was put at issue, by
the appellant's answer in denial of the complaint, and tried
by a jury, and a verdict was returned for the appellee, the
plaintiff below. Over the appellant's motion for a new trial,
the court rendered judgment in accordance with the verdict.

The only error of which the appellant complains in argu-
ment is the overruling of her motion for a new trial. The
evidence is not in the record; but a bill of exceptions is set
out, containing certain rulings of the trial court, in regard
to the evidence, of which rulings the appellant's counsel
complain, in their brief of this cause. The only ruling of
which complaint is made in argument, and which appellant's
counsel say is "the particular matter which we deem objec-
tionable," was founded upon the following interrogatory pro-
pounded to the appellee, while testifying on the trial as a
witness, in his own behalf, namely:

"You may state if this gray mare, the one mentioned in
the complaint, has ever had any colts or offspring, and how

many, and who has exercised control and ownership over them, if any one?"

It is stated in the bill of exceptions, that the appellant objected at the time to this question, and the answer sought to be elicited thereby, for the reasons then given, " that the same was irrelevant, immaterial, improper, illegal, and because the ownership of the colts and offspring of the mare was not in controversy in this suit, and because the ownership of the mare could not be determined by the ownership of her offspring," but the court overruled the objection, and the appellant excepted.  Appellee then answered the question, as follows: " She had several colts; I have owned them; have one of them now, and have sold some of them.  The defendant has not claimed any of them, nor had possession of any of them, and never exercised any control over any of them."

In considering the question presented by the ruling complained of, it is to be observed that the competency or admissibility of the evidence objected to is the only question we are required to consider and decide, and not the weight or value of such evidence.  If the colts of the mare had been in controversy between the parties, there can be no doubt that the evidence as to the ownership of the mare could have been relevant and competent; for, in such case, in the absence of contract to the contrary, the rule is well established that the title to the offspring of a domestic animal is in the owner of its dam or mother.  The converse of this rule, perhaps, is not so clear; but the fact that the mare in controversy had several colts, all of which were possessed, owned or sold by the appellee, was admissible in evidence as tending to prove his title to the mare, leaving the jury to determine the weight and force of the evidence.

But the appellant's counsel claim that the action of replevin is a possessory action, and that evidence, tending to prove the appellee's ownership of the mare, does not tend to prove his right to the possession of the mare.  Doubtless, it is true that the action of replevin, under the code, is a pos-

sessory action. It is true, also, that the mere possessory right to personal property may prevail against the absolute legal title thereto, where such title and the right of possession become separated and are held by different parties. *Rose* v. *Cash*, 58 Ind. 278 ; *Kramer* v. *Matthews*, 68 Ind. 172 ; *Entsminger* v. *Jackson*, 73 Ind. 144. Conceding that it was incumbent on the appellee to prove his right to the possession of the mare, it must' be presumed, in the absence of the evidence, that he made such proof to the satisfaction of the jury ; and the evidence is not in the record.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

