JEREMIAH S. MOYER ET AL.

v.

CAROLINE SWYGART.

*Jurisdiction—When a Freehold is Involved—Bill to Contest Will Devising Real Estate.*

1. Where the primary object of the suit is the recovery of a freehold estate, the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree ren-

dered therein as between the parties, result in one gaining and the other losing the estate, a freehold is involved.

2.  Upon a bill to contest the validity of a will which devised all of a tract of land to the defendant, it is held that this court is without jurisdiction, the question at issue being, whether the defendant shall have a freehold interest in all the land or only an aliquot part as an heir of the testator.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Lee County.

Mr. SHERWOOD DIXON, for appellants.

Messrs. W. & W. D. BARGE, for appellee.

*Per Curiam.*  This was a bill in equity filed by appellee to contest the validity of the proposed will of John Moyer, deceased, which had been admitted to probate on the 9th April, A. D. 1884, and letters testamentary granted to John D. Crabtree.

It is alleged in the bill that in and by the said will the testator bequeathed portions of his estate, real and personal, to, as follows: To said Jeremiah S. Moyer, one of the appellants, the S. E. ¼ of section 18, T. 22 N., range 9, east of the 3d P. M., in said Lee County, to have and to hold to him, his heirs and assigns forever, and also a certain horse, called "Prince," and carriage and carriage harness. That at the time of the pretended execution of the said pretended will the said John Moyer, the testator, was not of sound mind and memory, but on the contrary was in his dotage and his mind and memory so impaired as to render him wholly incapable of making any distribution of his estate. That the said Jeremiah S. Moyer used and exercised many undue arts and fraudulent practices, and resorted to falsehood and misrepresentations to induce the said John Moyer to execute said paper, and if he did execute the same he was under improper restraint and undue influence from said arts and fraudulent practices.

The bill makes said Jeremiah S. Moyer, John E. Moyer, Eva Kline and John D. Crabtree respondents, and prays that said will and probate be set aside.   The executor and John S.

Moyer filed answers denying the incapacity of the said testator and that he was under undue influence as charged in the bill. The other respondents also filed answers putting in issue the charge of incapacity and undue influence. This issue of fact was submitted to the jury, and their verdict was that the writing in evidence was not the will of the said John Moyer, deceased. Motion by appellants for a new trial which was overruled, and decree setting aside the will and awarding costs against appellants, was passed by the court. From such decree the appellants appealed to this court.

The appellee, by her attorneys, moves this court to dismiss the appeal in this case for the reason that a freehold is involved and the court has no jurisdiction to pass upon the issues involved herein. The decision of this motion was by the court reserved to the hearing. We find no case decided by the Supreme Court exactly in point with the case at bar, but we think the principle has been decided by that court. The rule announced in C., B. & Q. R. R. v. Watson, 105 Ill. 217, we think is broad enough to cover this case. It is there laid down as a rule that "where the primary object of the suit is the recovery of a freehold estate the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate, a freehold is involved."

In Gage v. Scales, 100 Ill. 218, it was held, in a case where the original owner of real estate filed a bill to set aside as a cloud on his title, a tax deed held by another, on the grounds that the real estate had been redeemed from the sale upon which the tax deed was based, that a freehold was involved. The court say, that "if a redemption was made, that defeats the appellant's title ; if, on the other hand, no redemption was effected, then the title of the property passed under the deed. It seems plain that within the meaning of the statute a freehold is involved."

In the Chicago Theological Seminary v. Gage, 103 Ill. 175, the same rule is announced and the doctrine adhered to, though opposed to the views of Judge Mulkey, the writer of

the opinion, he adhering to the rule on the ground of judicial precedent. The decision in the case at bar settles the question of the validity of the proposed will of John Moyer, deceased, and in consequence the claimed ownership of a freehold interest of Jeremiah S. Moyer in the quarter section of land bequeathed to him by the will. It settles the question beyond any power on his part to avoid it, whether he shall have a freehold interest in all the land described or only an aliquot part as heir of John Moyer, deceased. We know it has been the practice to dismiss suits of precisely the character of this, by some other of the Appellate Courts, for the want of jurisdiction, and the case afterward taken to the Supreme Court on error and jurisdiction by that court retained, though probably the point of jurisdiction was not raised before it. We cite Freeman v. Easley, 117 Ill. 317, which was appealed directly to the Supreme Court from the Circuit Court and was a case of contest of will by bill in chancery. We are of opinion that a freehold estate is involved; therefore the motion to dismiss the appeal for want of jurisdiction is sustained, and leave is given to appellant to withdraw the record.

*Appeal dismissed.*