Filed Nov. 13, 1890.

---

No. 14,534.

## BORUFF v. STIPP, GUARDIAN.

GUARDIAN AND WARD.— *Ward's Personal Property.—Guardian may Maintain Action of Replevin.*—The guardian has the right to the custody of the personal property owned by the ward, and may maintain an action for its possession.

From the Lawrence Circuit Court.

*N. Crooke, J. E. Boruff, T. H. Palmer* and *W. F. Palmer,* for appellant.

OLDS, J.—This was an action brought by John B. Stipp, as guardian of Isis G. Adams, against the appellant for the pos-

session of an organ alleged to be the property of appellee's ward. It is alleged that said appellee is entitled to the imme-diate possession of the same ; that it is of the value of $28, and is unlawfully detained, etc. Appellant demurred to the complaint, which demurrer was overruled, and exceptions taken.

The only question presented is as to the right of the guardian to maintain an action for the possession of personal property belonging to his ward. It is contended by counsel for the appellant that the guardian has no right to maintain the action, but that the action must be brought in the name of the ward by his next friend, and we are cited to some authorities which it is contended sustain this theory ; but we do not think they support the contention of counsel.

An action of replevin is a possessory action, and the stat-ute provides that it may be maintained by any person having the right to the immediate possession of the property. Sections 1266, 1267, R. S. 1881. In *Pacey* v. *Powell*, 97 Ind. 371, it is said : " It is true, also, that the mere possessory right to personal property may prevail against the absolute legal title thereto, where such title and the right of possession become separated, and are held by different parties."

Section 2512 provides that " The court having probate jurisdiction in each county, in term time, or the clerk thereof in vacation, shall appoint guardians of minors resident in such county, or having estate therein ; and in case of conflict between two appointments in different counties, the one first made shall exclude all others, and extend to all the property of the ward within this State." Section 2518 gives to the guardian the management of the minor's estate during minority.

It would seem that there could be no doubt but that the guardian has the right to the custody of the personal property owned by the ward. Without the right to its custody he would be unable, in many instances, to comply with the statute, and manage the estate of the ward ; and, having the

right to the possession, he may maintain an action for its possession.

We are referred, by counsel, to sections 255, 256, 257, and 258, R. S. 1881, giving to an infant the right to maintain an action by next friend ; but we do not deem these sections as controlling the manner in which an action for the possession of personal property shall be prosecuted.   The right of action for the possession is not necessarily in the infant when he has a legally appointed guardian claiming the possession and custody of the personal property.   No doubt an infant may, by his next friend in some instances, prosecute an action for the possession of personal property, but the guardian, having the custody of the infant and the management of his estate, may also prosecute an action for the possession of personal property owned by his ward ; having the right to the control and management of the property he must, as a necessary incident, have the right to recover possession of such property from one unlawfully retaining the possession of the same.   It certainly does not lie in the mouth of one who unlawfully retains possession of the property of the ward and deprives the guardian from managing and controlling the same to say that he has no right to sue for and recover the possession when the infant is making no objection.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 14, 1890.