Filed June 12, 1891.

---

No. 229.

## MEISER, GUARDIAN, v. SMITH ET AL.

GUARDIAN AND WARD.— *Ward's Property.*— *Possession of.*— *Action to Recover.*— *Guardian Should Institute.*—The guardian is the proper party to institute an action of replevin for the recovery of the possession of personal property belonging to his wards. It is his duty to take such steps and avail himself of such legal remedies as will put his ward's estate in his hands, that he may account for it as required by law.

From the Allen Circuit Court.

*L. M. Ninde* and *H. W. Ninde*, for appellant.

*C. M. Dawson*, for appellees.

NEW, C. J.—This action was brought in the circuit court by the appellant, as guardian of certain minor children, against the appellees, to recover the possession of thirty-six saw-logs, alleged to be the property of said minors, of the value of three hundred dollars, which the appellees have the possession of without right, and which they unlawfully detain from the appellant, etc.

It is further alleged in the complaint that the appellees unlawfully cut said logs upon real estate, the fee simple title of which was in said minors, subject to a life-estate in the appellee Caroline Smith; that the said Caroline and her co-defendants cut and removed said logs from said real estate to be sold as merchandise, and not for the betterment of said premises; and that in so cutting and removing the same they committed waste.

A demurrer was filed to the complaint, sustained, and exception taken.

The action of the court in sustaining the demurrer to the complaint is assigned by the appellant as error.

That trees severed from the freehold and cut into logs, for the purpose averred in the complaint, would become the absolute and sole property of the wards—the reversioners—there can be no doubt. We find nothing in the brief of appellees' counsel controverting this well-settled rule, but it is contended that the guardian can not bring this action in his own name, and that it should have been instituted in the name of the wards, as the real parties in interest, by a next friend.

In the consideration of this question it is necessary to ascertain to some extent what are the duties of a guardian. He is required at the time of his appointment to file in the office of the clerk of the circuit court his verified statement of the whole of his ward's estate, the probable value thereof, specifying the value of the personal property and real estate separately, etc. The law makes it his duty to file a full inventory, verified by oath, of the real and personal estate of

his ward, with the value of the same, etc.  He is required to manage the estate for the best interests of his ward.  He must collect all debts due his ward and pay all his just debts out of his estate.  His appointment " extends to all the property of the ward within this State," and he is expressly given the management of his estate.  See sections 2512, 2515, 2518, 2521, R. S. 1881.

The sections cited clearly make it the duty of the guardian to take possession of the personal estate of his ward.  If this be true it must follow that the possession thereof can not lawfully be detained from him.

If the ward's personal property is held or taken by one who is not entitled to its possession, how shall the possession be changed to the guardian?  Is it intended by sections 255 and 258 of the code, that in such case the only remedy shall be by an action for the possession in the name of the wards, by a next friend?  What duty, that can be enforced, rests upon the ward to appear by a next friend, to bring the suit?  The guardian is under bond for the faithful discharge of his duties as such, and he must see to it that the estate is managed " for the best interest of his ward."  This he can not do if that management is to depend, not upon his own judgment and action, but upon the will or caprice of others. It is often the case that the wards are of such tender years that they would have little thought or judgment as to what action should or could be taken by them for the protection or betterment of their estate. '

Replevin, strictly speaking, is a possessory action.  Its primary object is to enable the plaintiff to obtain the actual possession of personal property wrongfully detained from him by the defendant at the time the suit is brought.  Often in the action of replevin the right to the possession of the property is the only matter in controversy, and the only question that can be tried and determined.  It is so far a possessory action that a mere right of possession may prevail against the absolute legal title to property, where the

right of possession and the title have become separated and are held by different parties. See Cobbey Law of Replevin, section 27; *Kramer* v. *Matthews,* 68 Ind. 172; *Pacey* v. *Powell,* 97 Ind. 371.

In the case of *Shepherd* v. *Evans,* 9 Ind. 260, the court said: "One of the duties imposed by the act touching the relation of guardian and ward, is to collect 'all debts due to such ward.' This, of course, implies the right to sue to enforce such collection."

And so it may be said in this case, the appointment of the guardian "extends to all the property of the ward within this State;" and at the expiration of his trust, he must fully account for and pay over to the proper persons "all of the estate of his ward remaining in his hands." This implies that the guardian may take such steps and avail himself of such legal remedies as will put his ward's estate in his hands that he may account for it as required by law.

The case of *Deacon* v. *Powers,* 57 Ind. 489, was an action in replevin by the guardian to recover logs belonging to the wards. No question was raised as to the right of the guardian to bring the suit. See, also, *Boruff* v. *Stipp,* 126 Ind. 32, where it is held that the guardian may sue in replevin to recover the possession of personal property belonging to his ward.

The judgment below is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.

Filed June 11, 1891.