Duckworth *v.* Mosier.

Filed Nov. 5, 1891.

---

No. 16,230.

### DUCKWORTH *v.* MOSIER.

FORCIBLE ENTRY AND DETAINER.—*Appeal.—When Lies.—Justice of the Peace.—Title to Land.—Jurisdiction.—How Ousted.*—An action was instituted before a justice of the peace for the forcible entry and detainer of land. The judgment in the circuit court, to which the case was carried by appeal, was in favor of the plaintiff for fifteen dollars.

*Held,* that, in such action, the title to the land is not involved, and the appeal from the circuit court, if any right of appeal existed, was to the Appellate and not to the Supreme Court.

*Held,* also, where jurisdiction of the justice is asserted to be ousted because title is in issue, it must so appear from the record.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*W. R. Harrison* and *C. G. Renner,* for appellee.

ELLIOTT, J.—The appellee brought this action before a justice of the peace, charging that he was in the peaceable possession of the land described, and that the appellant forcibly entered on the land, and by force retains possession thereof. The judgment in the circuit court, to which the case was carried by appeal, was in favor of the appellee for fifteen dollars.

As the case originated before a justice of the peace, the appeal from the circuit court lies to the Appellate Court, if any right of appeal at all exists, unless there is some peculiar controlling element in the case which distinguishes it from the cases over which justices of the peace have jurisdiction. There may be cases which originate before a justice of the peace that are appealable to this court, as for instance where the title to land is put in issue, as provided by the statute. Section 1434, R. S. 1881; *Deacon* v. *Powers*, 57 Ind. 489. Where the title is appropriately and rightfully put in issue, the case is not governed as to amount, or relief, by the ordinary rule of jurisdiction. *Bibbler* v. *Walker*, 69 Ind. 362. But, as fully decided by the case of *Judy* v. *Citizen*, 101 Ind. 18, an action for forcible entry and detainer is not one for the trial of the question of title to land. There is, therefore, no controlling element which brings the case within the jurisdiction of this court. Where title to land is rightfully made the controlling issue, that issue generally determines the jurisdiction. *Moyer* v. *Swygart*, 21 Ill. App. 497. While there may be cases originating before a justice of the peace in which the title to land may be put in issue, and thus give this court ultimate appellate jurisdiction, the present is not such a case. Where jurisdiction of the justice is asserted to be ousted because title is in issue, it must so appear from the record. *Deacon* v. *Powers, supra; Melloh* v. *Demott*, 79 Ind. 502.

We do not, of course, decide whether the Appellate Court has jurisdiction, nor do we decide whether the motion to dismiss the appeal can be entertained because notice has not

been given under the rules of court, nor any similar questions; we simply decide that the jurisdiction, if there be any right of appeal, is in the Appellate Court.

The case is ordered to be transferred.

