YARDE *v.* YARDE

[No. 17,565.  Filed March 10, 1947.]

*Atkinson & Sanders,* of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellee.

FLANAGAN, J.—Appellant and his wife are the owners by the entirety of certain real estate in DeKalb County, Indiana. This action is for possession of that real estate. A demurrer to the complaint for defect of parties was sustained. Appellant refused to plead further and this appeal is from the judgment that followed.

The complaint alleges that appellant's wife is under guardianship but does not disclose the reason. Appellee contends that the wife or her guardian is a necessary party either plaintiff or defendant.

Appellant says that the statute (§ 38-102, Burns' 1933) emancipating a married woman so far as control of her property is concerned refers only to her separate property and the husband still has his common law right of control over real estate held by the entirety.

We cannot agree with this contention. Whatever may have been the common law doctrine, the rule in Indiana is well established that neither husband nor wife have a separate interest in real estate held by the entirety. There is unity of estate, unity in conveying and encumbering it, unity of possession and unity of control. The property belongs as much to the wife as to the husband and she has a joint right with

him to its use and enjoyment during the existence of the marriage. *Davis* v. *Clark* (1866), 26 Ind. 424; *Chandler, by Moore, Guardian* v. *Cheney* (1871), 37 Ind. 391; *Patton, Adm'r.* v. *Rankin* (1879), 68 Ind. 245; *Carver* v. *Smith* (1883), 90 Ind. 222; *Dyer* v. *Eldridge* (1893), 136 Ind. 654, 36 N. E. 522; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44.

Under the statute all who are united in interest must be joined as plaintiffs or defendants. §§ 2-213, 2-219, 2-220, Burns' 1946 Replacement. But appellant says that his wife has no capacity to sue and that her guardian is not a proper party.

The record does not disclose the reason for the wife's guardianship and it is not material so far as the decision of this appeal is concerned. If she is an infant she is not thereby without capacity to sue. § 2-206, Burns' 1946 Replacement. And regardless of the reason for the guardianship, her guardian is charged with the management of her estate and therefore is a proper party in an action concerning it. §§ 8-111, 8-207, 8-302, Burns' 1933; *Boruff* v. *Stipp* (1890), 126 Ind. 32, 25 N. E. 865; *Kinsley, Guardian* v. *Kinsley* (1897), 150 Ind. 67, 49 N. E. 819; *Meiser, Guardian* v. *Smith* (1891), 2 Ind. App. 37, 27 N. E. 871.

Judgment affirmed.

NOTE.—Reported in 71 N. E. (2d) 625.