In the Matter of John Kelly JEFFERS, III connected with: Unique Design Inc., and Sheila Yvonne Jeffers, Debtors.

Bankruptcy No. 79–30724.

United States Bankruptcy Court,
N. D. Indiana,
South Bend Division.

Feb. 19, 1980.

Gary D. Boyn, Elkhart, Ind., pro se.

James R. Heuer, Columbia City, Ind., for debtors, John Kelly Jeffers, III, and Sheila Yvonne Jeffers.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

This matter is before the Court on the Trustee's objection to the allowance of exemptions claimed by the debtors pursuant to Section 522(d)(1) of the Bankruptcy Code.[1] A pre-trial conference was held on November 19, 1979, at which time the parties agreed that all the relevant facts could be stipulated and that such stipulation and the briefs of the parties would constitute the entire submission of this dispute. Following the receipt of said briefs, this proceeding was taken under advisement on January 11, 1980.

The relevant facts, as stipulated by the parties, indicate that the debtors, John Kelly Jeffers, III, and Sheila Yvonne Jeffers, who are husband and wife, filed their joint

---

1. 11 U.S.C. § 522.

petition in bankruptcy on November 5, 1979. Immediately prior to and as of the date of filing their voluntary petition, the debtors owned certain real estate described as Lots 19 and 20, Springview Park Addition, Kosciusko County, Indiana, as tenants by the entireties. They used this real estate as their residence. In their schedules filed with this Court, the debtors stated the market value of said real estate as $30,000.00 and valued the liens on the real estate at $26,000.00, leaving an ownership equity of $4,000.00 accruing to them. The debtors claim their $4,000.00 ownership equity to be exempt under Section 522(d)(1) of the Bankruptcy Code. The Trustee filed his objection to this claimed exemption on November 9, 1979.

The Trustee bases his objection on his interpretations of two sections of the Bankruptcy Code, Sections 522 and 541.[2] He contends primarily that the exemptions claimed are prohibited by certain language in Section 522. He also suggests that the real estate in question is not property of the estate under Section 541 and therefore is not eligible for exemption under Section 522. The debtors dispute these interpretations of the Code.

Under the Code, debtors may exempt property only after it becomes property of the estate. 11 U.S.C. Section 522(b); 4 *Collier on Bankruptcy,* ¶ 541.02[3] at 541-15 (15th ed. 1979). Therefore, property which is not property of the estate may not be claimed as exempt. Accordingly, we will first consider the Trustee's contention that the real estate in question is not property of the estate under Section 541, for if he prevails on this issue, no exemption will be allowed and we need not reach the arguments concerning the language of Section 522.

Regarding Section 541, the Trustee contends that real estate owned by the entireties will come into the estate under subsection (a)(1) only if the debtor has an aggregate interest, defined by the Trustee as separate ownership of the whole, in the property. He argues that since the Code

does not specify that entireties property is property of the estate, and does not define property or what constitutes a legal or equitable interest of the debtor in property, it is necessary to rely upon state law to define these terms. According to the Trustee, each tenant of entireties property does not have an aggregate interest in the whole property under Indiana law, and therefore entireties property cannot become property of the estate through 541(a)(1).

The debtors respond that property is anything of value or benefit to a debtor, whether it is tangible, intangible, real or personal. They contend that there is something of benefit or value to a debtor in being an owner of real estate as a tenant by the entireties and that this Court has concurred with this view by including the real estate in question as an asset of the bankruptcy estate. Therefore, they claim a legal or equitable interest in the real estate.

Section 541(a)(1) provides in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.

Nowhere in this provision or the legislative history of its enactment is there any indication that a debtor's interest in property must be an aggregate interest as defined by the Trustee. Apparently, the source of the language relied upon by the Trustee is Section 522(d)(1), which provides an exemption for the debtor's "aggregate interest" in real or personal property that the debtor or a dependent uses as a residence. Section 522 of the Code does not influence what property is brought into the estate and a debtor's interest in property need not be an aggregate interest in order to be brought within the estate.

**2.** 11 U.S.C. § 541.

It should not be assumed, however, that by rejecting the Trustee's contention above, this Court is finding that entireties real estate is property of the estate under Section 541(a)(1). Before reaching that conclusion, it is necessary to examine the terms of Section 541(a)(1) to determine their relation to the real estate in question.

The key words of the provision regarding this case are "all legal or equitable interests of the debtor in property." The terms "property" and "interest in property" are not defined in the Code. The question of what constituted property under the Bankruptcy Act[3] in effect prior to the enactment of the Code was a federal question, *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), and we find no reason to believe that it is not a federal question under the Code. 4 *Collier on Bankruptcy*, ¶ 541.02 at 541–12 (15th ed. 1979). The debtors' contention notwithstanding, there is no categorical definition for the word "property," and the limitations to be attached to it by federal courts vary depending upon the situation involved. The purposes of the Code must ultimately govern the definition in each case. *Segal v. Rochelle, supra* 382 U.S. at 379, 86 S.Ct. at 514.

█ In this case, the definition of property presents little difficulty as there is no question that real estate is property for the purposes of the Bankruptcy Code. This brings us to the question of whether a tenant by the entireties has a legal or equitable interest in the property. As noted before, the Code does not offer a definition of "legal or equitable interest." The determination of whether such an interest exists has not customarily been a federal question and under the Code it is necessary to look to non-bankruptcy law to determine the nature and extent of interests in real estate. 4 *Collier on Bankruptcy*, ¶ 541.02 at 541–12 (15th ed. 1979). The non-bankruptcy law which governs a tenancy by the entireties in real estate is applicable state law, 4 *Collier on Bankruptcy*, ¶ 541.07[8][a] at 541–33 (15th ed. 1979), which in this case is the law of Indiana.

With a few statutory exceptions[4] Indiana's tenancy by the entireties in real estate is a pure common law version. 15 *Indiana Law Encyclopedia*, "Husband and Wife" Section 86 at 462. It is based upon the ancient common law fiction that, upon marriage, each spouse loses his or her individual identity, and becomes one. This fictional "one" holds entireties property; neither spouse alone holds a separate interest, but rather, they both own as the whole.[5]

█ Such tenancy is marked by unity of estate, unity in conveying and encumbering it, unity of possession and unity of control, *Yarde v. Yarde*, 117 Ind.App. 277, 71 N.E.2d 625 (1947), although by statute, the necessity of using a "straw man" for a conveyance by one spouse has now been obviated. The estate can only be created in man and wife, and a purported grant to two unmarried persons creates but a tenancy in common. With a tenancy by the entireties, the death of one spouse does not vest title in the survivor. Instead, the survivor's title was vested *ab initio* by the original grant. *Lilly v. Smith*, 96 F.2d 341 (7th Cir. 1938), cert. den. 305 U.S. 604, 59 S.Ct. 64, 83 L.Ed. 383 (1938). This is quite different from a joint tenancy, where the death itself vests title in the survivor.

█ Because title to entireties property is held by the marital unity, either spouse

---

**3.** 11 U.S.C. § 1.

**4.** Permanent insanity of one spouse can convert the tenancy to one in common (I.C. 32–4–4–2); a spouse who murders the other holds one-half the estate in constructive trust for the heirs at law of the victim (I.C. 29–1–2–12); since 1857, (I.C. 31–1–9–1 *et seq.*) the husband alone can no longer divest the wife of her share; and with a simultaneous death where it is impossible to tell who died first, the property is deemed to be held in common (I.C. 29–2–14–3).

**5.** Older cases express it "per tout et non per my." This doctrine may have been inspired by Genesis Chapter 2 at verse 24: "Therefore a man leaves his father and mother and cleaves to his wife, and they become one flesh" and Paul's letter to the Ephesians Chapter 5, verse 31 which gives the same teaching.

alone can do no act to destroy the tenancy (with the statutory exceptions of the lunatic or murderers). The deed of one spouse is absolutely void (not voidable) and the mortgage of one spouse creates no lien whatever, *Chandler v. Chaney*, 37 Ind. 391 (1871); one cannot oust the other from possession, *Yarde v. Yarde*, 117 Ind.App. 277, 71 N.E.2d 625 (1947); neither can devise any interest during the tenancy (absent equitable election), *Young v. Biehl*, 166 Ind. 357, 77 N.E. 406 (1906); a contract purchaser from only one tenant takes no interest whatever in the real estate, *Dyer v. Eldridge*, 136 Ind. 654, 36 N.E. 522 (1894); and a creditor of one spouse may not seize, sell or attach the entireties property, or any interest therein under judicial process, *Davis v. Clark*, 26 Ind. 424 (1866). These incidents of the entireties tenancy are consistent with the foundation, that ownership lies not in the individuals, but rather in the marital unity. The latter can convey and encumber as owner; the former cannot.

■ Termination of the marital unity destroys the tenancy, as marriage is the keystone of the entireties tenancy. This termination takes place either through death or divorce. But absent destruction of the marriage by divorce, *Kilgore v. Templer*, 188 Ind. 675, 125 N.E. 457 (1919), or death, *Lash v. Lash*, 58 Ind. 526 (1877), and absent estoppel or fraudulent transfers, only the marital unity can convey or encumber.

■ As a concomitant incident to one spouse's inability to convey, Indiana holds that one spouse also lacks the ability to claim an exemption from execution in entireties property. *Sharpe v. Baker*, 51 Ind. App. 547 (1911) at p. 571, 96 N.E. 627, 99 N.E. 44 at 46. This inability has nothing to do with the specific terms of the Indiana exemption-from-execution statute, but is one of the common law incidents of the entireties tenancy.

■ Not only is the individual spouse unable to exert an exemption, but both spouses, acting in concert, are unable to exert an exemption. *Sharpe* holds:

It is further urged . . . that a tenant by entirety is deprived of his right to claim the entirety property or any part thereof as exempt from execution. If this is true, *it is not a result of [our] opinion in this case, but is a result which is incident to the nature of the estate. A tenant by entirety has no separate interest or property in the entirety estate which can be claimed as exempt.* The right of an execution defendant to claim property as exempt extends only to property in which he has an individual interest. . . . The fact that neither of the tenants by entireties can claim, as exempt, the entirety property or any part thereof . . . seems to be a hardship; but the apparent hardship in such a case is not greater than that which results from the inability of a partner to claim as exempt his interest in partnership property. It is the business of the courts to declare the law as it is, and not to make law to relieve against hardships. 51 Ind.App. 547 at 571, 99 N.E. 44 at 46–7 (emphasis added).

*Sharpe v. Baker* is still the law in Indiana. It holds that either tenant, or both together, has an insufficient individual property interest in the entirety estate to claim an exemption therein.

This provides some guidance on the question of whether each of the debtors herein have a legal or equitable interest in the entireties real estate, but it is not conclusive. Section 541(a)(1) of the Bankruptcy Code does not require on its face that the legal or equitable interest of the debtor in property be an individual or separate interest. The provision as it affects the situation before us is ambiguous and therefore we turn to the legislative history of the Code for guidance as to the intent of Congress. 73 Am.Jur.2d Statutes § 170.

In its report to Congress issued in 1973,[6] the Commission on the Bankruptcy Laws of the United States noted the existence of a number of problems concerning property of the estate in bankruptcy and proposed legis-

---

6. H.R.Doc. No. 93–137, 93d. Cong., 1st Sess. (1973).

lation to deal with them. One problem noted by the Commission was difficulty in handling jointly owned property under the Bankruptcy Act then in effect where only one spouse was involved in a bankruptcy case.[7] The following comments were made about estates by the entirety (footnotes omitted):

> Under the proposed Act, the undivided interest of a spouse who is a debtor in a case under the Act is property of the estate. This is contrary to the present Act which looks to state law to determine what happens with respect to property jointly owned by a husband and wife. Under the present Act, the trustee acquires title to the debtor's interest in property owned in tenancy by the entirety only if the debtor could have transferred, or a creditor could have severed, the interest. On the other hand, if both spouses file petitions, the cases are ordinarily consolidated, a single trustee is appointed, and property held by the entirety is administered and sold . . . .
>
> Difficulties arise, however, under the existing Act if only one spouse files a petition. Again, the outcome turns on the local law. The results are anything but uniform. In one state, nothing passes to a wife's trustee, but the husband's trustee presumably acquires the husband's interest and the right to use the property during the life of both spouses, subject to defeasance upon the husband's prior death. In four states, the trustee acquires an equal right to use the property and the debtor's right of survivorship. In twelve states and the District of Columbia, the trustee acquires nothing. In two states, the trustee acquires only the right of survivorship.
>
> The general rule relating to what is property of the estate deals only with part of the problem, the right to an undivided interest. The ability to dispose of the property is dealt with by a separate provision in the proposed Act allowing the trustee of either spouse to sell both the debtor's and his spouse's interest in nonexempt property, if owned by the entirety, as tenants in common, or joint tenants. The spouse who is not a debtor in a case under the proposed Act is sufficiently protected by the requirement that the net proceeds of the sale attributable to the spouse's interest, after deducting all direct expenses of sale exclusive of any compensation to the trustee, be disbursed to such spouse.
>
> This approach should eliminate a substantial amount of litigation and the unfairness possible under the present Act.[8]

Section 4–601(a)(1) of the Commission's proposed act was the provision designed to include estates by the entirety within a debtor's estate. It reads as follows:

> (a) *Property of the Estate.* The following is property of the estate:
>
>> (1) all property of the debtor as of the date of the petition, except as provided in clause (5) of this subdivision; . . .[9]

Clause five contained no provisions relevant to tenancies by the entirety.

Section 5–203(c) of the proposed act was designed to deal with the problem of disposing of property held as tenants by the entirety where just one spouse had filed bankruptcy. It provided the following:

> (c) *Sale of Spouse's Interest.* The trustee may sell both the debtor's interest and his spouse's interest in nonexempt property which the debtor and his spouse own as tenants in common, tenants by the entirety, or joint tenants. The portion of the net proceeds of the sale (after all direct expenses of sale exclusive of any compensation to the trustee) attributable to the spouse's interest shall be disbursed to the spouse, and the balance shall constitute property of the estate. The debtor's spouse shall be given notice of the sale of his interest, but no

---

7. H.R.Doc. No. 93–137, 93d. Cong., 1st Sess., Pt. I, at 195 (1973).

8. Id. at 195–196.

9. Id., Pt. II at 147.

order of the court is required unless the spouse files a complaint to prevent the sale.[10]

We note that the provisions set out above are similar in form and content to their counterparts in the Bankruptcy Code.[11]

Extensive hearings were held in both Houses of Congress on the Commission's proposed legislation. A bill, H.R. 8200, eventually emerged and was reported favorably to the full House of Representatives by the House Committee on the Judiciary on September 8, 1977. In its report which accompanied H.R. 8200,[12] the Judiciary Committee discussed the changes made by the bill in what was to constitute property of the debtor's estate. The Committee said that the bankruptcy law then in effect was "a complicated melange of references to State law" and did "little to further the bankruptcy policy of distribution of the debtor's property to his creditor in satisfaction of his debts."[13] Regarding tenancies by the entirety specifically, the Committee said the following (emphasis added): [14]

The bill also changes the rules with respect to marital interests in property. . . . With respect to other co-ownership interest, such as tenancies by the entirety, joint tenancies, and tenancies in common, *the bill does not invalidate the rights*, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining a consent or a waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law.[15] The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property,[16] and by requiring the trustee to pay over to the spouse the value of the spouse's interest in the property if the trustee sells the property to someone other than the spouse.[17]

The language in the report indicates to us that the House Judiciary Committee may have intended that entireties property become property of the estate, but certainly intended that tenancies by the entirety would not be invalidated by the bill. This is significant in view of the fact that Section 541(a)(1) and the subsection of Section 363 of H.R. 8200 involved here differ insignificantly from those enacted in the Code. H.R. 8200 was passed and sent to the Senate for consideration, but the Senate Judiciary Committee instead reported its own bill, S. 2266,[18] to the Senate. Though the bill's provisions relevant to the dispute here [19] are identical with those found in H.R. 8200, the report of the Senate Judiciary Committee [20] does not specifically discuss tenancies by the entirety.

The Senate adopted S. 2266 on September 7, 1978, as an amendment to H.R. 8200. A compromise bill was eventually agreed upon by the House and the Senate, which constitutes the Bankruptcy Code currently in effect. No statements of significance regarding the relevant sections of the Code were made during the House and Senate debates leading to passage except that Section

---

10. Id. at 191.

11. 11 U.S.C. 541(a)(1) and 11 U.S.C. 363(h)–(j), respectively.

12. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

13. Id. at 175, U.S.Code Cong. & Admin.News at p. 6136.

14. Id. at 177, U.S.Code Cong. & Admin.News 1978, at p. 6137. Some footnotes are omitted and the numbers of others are changed.

15. H.R. 8200, 95th Cong., 1st Sess. § 363(h) (1977).

16. Id. § 363(i).

17. Id. § 363(j).

18. S. 2266, 95th Cong., 2d Sess. (1978).

19. Id. §§ 541(a)(1), 363(g)–(h).

20. S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

541(a)(1) was to be an all-embracing definition of property of the estate.[21]

Having reviewed the legislative history of the Bankruptcy Code, we conclude that Congress may have intended real estate held by the entireties to come into the debtor's estate through Section 541(a)(1). The legislative history on this point is not conclusive, however, since no explicit statement to that effect appears after the Bankruptcy Commission's report. More certain is the intention of the House Judiciary Committee that tenancies by the entirety would not be invalidated, as noted in the discussion of its report accompanying H.R. 8200. The provisions of that bill which are relevant to this dispute have not been significantly changed in the Code.

If this Court allows the entireties property in question to become part of the estate and allows exemptions thereon and sale pursuant to Section 363(h) of the Code, 11 U.S.C. § 363(h), the effect will be to change the law of Indiana regarding real estate held as tenants by the entirety. Exemptions are not allowed to tenants by the entirety of real estate in Indiana because no such tenant has a separate or individual interest in real estate so held. The allocation of proceeds from a sale to the spouse of a debtor, envisioned in Section 363(j), is not possible under current Indiana law, as such spouse has no independent interest which can be isolated.

▇▇▇ There is no doubt that Congress can, through its constitutional authority to establish "uniform laws on the subject of Bankruptcies throughout the United States,"[22] change state-created property rights. The words of the Code and its legislative history are not sufficient to convince us, however, that Congress intended to change Indiana law regarding tenancies by the entirety, and the legislative history actually evidences a contrary intent. It is possible that Congress acted without fully considering the impact that the Code would have upon Indiana law.[23] Indeed in some states where tenancies by the entirety are recognized, there would be no conflict with state law because the states have found that each spouse has a separate interest in the real estate.[24] That is not the case in Indiana, however, and state-created property rights, in a bankruptcy context, will not be destroyed by implication. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). We therefore find that the real estate held as tenants by the entirety in Indiana does not become property of the estate pursuant to Section 541 of the Code.[25]

**21.** 124 Cong.Rec. H11096 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17413 (daily ed. Oct. 6, 1978).

**22.** U.S.Const., Art. I, § 8, cl. 4.

**23.** The impact will be quite significant if one tenant's interest in a tenancy by the entirety real estate is found to be property of the estate pursuant to Section 541 and the real estate is subsequently sold by the trustee. For example, a Bankruptcy Court may be forced to determine the individual interest of each spouse in an undivisible tenancy, a process for which no guidance is provided by the Code or Indiana law. The interests of joint creditors of a husband and wife who secured a lien on entireties real estate prior to the discharge of one of the spouses in bankruptcy, were protected under previous law. Under the above interpretation of the Code, however, this protection may be lost through the operation of Section 522(f) if an exemption is claimed for the real estate. General unsecured creditors, who under state law are entitled to no interest in entireties real estate, will find their positions improved through bankruptcy if such real estate is found to be property of the estate under Section 541 and they are allowed to share in the proceeds of a sale of the real estate.

**24.** In Kentucky and Tennessee for example, each spouse is said to have a contingent right of survivorship which he or she can separately convey and which can be reached by his or her personal creditors. In Arkansas, New Jersey, New York and Oregon, a tenancy by the entirety actually closely resembles a tenancy in common with an indestructible right of survivorship. Each spouse is entitled to one half the net income from property so held and this present beneficial interest can be reached for the satisfaction of the tenant's separate creditors. 4A *Powell on Real Property*, ¶ 623 at 702–704 (1979 ed.).

**25.** Having found that the real estate in question is not property of the estate it follows that the debtors may claim no exemptions for the real estate. We therefore need not consider the issues presented by the parties regarding Section 522 of the Bankruptcy Code.

The trustee, however, still has limited access to entireties real estate held by debtors who file a joint petition. Section 544(a) of the Code provides:

The trustee shall have . . . the rights and powers of . . .

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists; . . .[26]

In this case, the husband and wife have filed a joint petition and have listed obligations for which they are jointly liable. Under Section 544(a)(1), the trustee is clothed with the rights of a creditor who could have obtained a judicial lien against the property of both debtors. In a practical sense, the trustee is the agent of joint creditors of the debtors. Under Indiana law, a joint creditor may levy upon and sell entireties property, *Sharpe v. Baker*, 51 Ind.App. 547, 96 N.E. 627, 99 N.E. 44 (1911). Therefore, under Section 544(a)(1) the trustee is in the position of a joint creditor of the debtors and should be able to administer and sell their entireties real estate and distribute the proceeds of the sale, after payment of all creditors holding liens, to the joint creditors of the debtors.

Accordingly, the Court hereby arrives at the following Conclusions of Law:

1. That the real estate owned as tenants by the entirety by the debtors in this matter is not property of the debtors' estate pursuant to Section 541 of the Bankruptcy Code.

2. Since the aforementioned real estate is not property of the debtors' estate, they may not claim exemptions for it under Section 522(d)(1) of the Bankruptcy Code.

3. Through powers accorded him under Section 544(a)(1) of the Bankruptcy Code, the Trustee may administer and sell said real estate, the proceeds of such sale, after payment in full to all lien creditors, to be distributed to satisfy the debtors' obligations to their joint creditors.

SO ORDERED.