**In re A.D. SHIPLEY, Debtor.**

**Bankruptcy No. 83–00465.**

United States Bankruptcy Court,
D. Hawaii.

Nov. 29, 1983.

Emmet White, Jonathan Chun, Honolulu, Hawaii, for Hawaii Nat., creditor.

Enver Painter, Honolulu, Hawaii, for debtor.

## ORDER RE APPLICABILITY OF STAY

### JON J. CHINEN, Bankruptcy Judge.

The Motion To Determine Applicability of Stay Or, In The Alternative To Obtain Relief From Stay filed by movant Hawaii National Bank, Honolulu, hereinafter "Hawaii National", having duly come on for hearing before the undersigned Judge on November 21, 1983, with Emmet White and Jonathan Chun, attorneys for Hawaii National and Enver W. Painter, attorney for Debtor Arbis Darrell Shipley, being present at the hearing; and

The Court, having considered the pleadings in this matter including the trial memoranda filed herein by the respective counsel, and the evidence, testimony and the representations of counsel presented at the hearing, being fully advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The leasehold interest in the property located at 278 Kaha Street, Kailua, hereafter "the property", was acquired by Mr. and Mrs. A.D. Shipley as Joint Tenants by document dated January 31, 1979 filed as Land Court Document No. 922575. Then by instrument dated September 19, 1980, filed as Document No. 1031853, the interest of Mr. Shipley was assigned to Mrs. Shipley.

On December 30, 1980, a document entitled Promissory Note Agreement Re Purchase of House located at 278 Kaha St., Kailua, Hawaii, was executed by Mr. and Mrs. Shipley. Portion of said Promissory Note Agreement read as follows:

It is agreed between A.D. Shipley and Yoshiko Shipley, husband and wife property consisting of one 5 bedroom house located at 278 Kaha St. Kailua, Hi.; that all interested [sic] and right to said property be vested into Yoshiko Nakasone Shipley except for A.D. Shipley's interest of Fifty Thousand dollars ($50,000) in said property. Said Fifty Thousand dollars ($50,000) will become due and payable when said property in [sic] sold providing that property is sold for over One Hundred Seventy Five Thousand dollars ($175,000).

This document was not noted on the Transfer Certificate of Title.

About the time that Mr. and Mrs. Shipley acquired the leasehold interest, they executed a mortgage in favor of Hawaii National Bank by document dated January 17, 1979, filed as Land Court Document No. 922577.

Subsequent thereto, by document dated February 26, 1980, Mr. and Mrs. Shipley executed a mortgage in favor of Bank of Hawaii, filed as Document No. 999711.

For failure on the part of the Shipleys to pay attorneys' fees and costs demanded by Hawaii National allegedly incurred in collecting back rents, Hawaii National brought foreclosure action against Mr. and Mrs. Shipley in the First Circuit Court, State of Hawaii, Civil No. 70116.

On or about November 4, 1982 Hawaii National obtained an interlocutory decree of foreclosure which ordered that the property be sold at public auction to satisfy all amounts owed to Hawaii National under its Note and Mortgage.

Before Hawaii National was able to sell the property, Mr. and Mrs. Shipley filed two joint Chapter 13 petitions for bankruptcy in

the United States Bankruptcy Court for the District of Hawaii (BK. Nos. 82–00678 and 83–00244). The first was voluntarily dismissed by the Shipleys and the second was dismissed by the Court on the basis of bad faith on June 15, 1983.

Then, on September 26, 1983, one day prior to the scheduled auction sale of the property, Mr. Shipley filed a third bankruptcy petition, this under Chapter 11 of the United States Bankruptcy Code.

On October 5, 1983, Hawaii National filed its Motion To Determine Applicability of Stay or In the Alternative To Obtain Relief From Stay.

On November 3, 1983, Bank of Hawaii filed its Joinder In Motion To Determine Applicability of Stay Or In the Alternative To Obtain Relief From Stay.

### CONCLUSIONS OF LAW

■ The determination of whether a debtor has a legal or equitable interest in property is determined by applicable state law. *In re Jeffers*, 3 B.R. 49 (Bkrtcy.N.D. Ind.1980).

The subject property is a leasehold interest in registered land falling within the jurisdiction of the Land Court of the State of Hawaii. *Hawaii Revised Statutes,* Section 501–101, expressly states:

> *No deed, mortgage or other voluntary instrument,* except a will and a lease for a term not exceeding one year, *purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties* . . . The act of registration shall be the operative act to convey or affect the land . . . (emphasis added).

■ The "promissory note agreement" purportedly attempts to transfer a security interest in the property to the Debtor. However, this instrument is insufficient to convey such an interest affecting the property for it is not registered in the Office of the Assistant Registrar as required by HRS § 501–101. Therefore, under applicable state law the promissory note is effective only as "a contract between the parties" and does not convey or bind the subject property. The preliminary title report shows that no instrument purporting to transfer an interest in the property has been recorded subsequent to Debtor's assignment to Mrs. Shipley.

All legal rights in and to the subject property are owned and held by Yoshiko Shipley, individually, and Debtor Arbis Darrell Shipley has no recognizable legal or equitable interest in and to said property.

■ Debtor Shipley's presence on the subject property is by the consent and permission of the legal owner, Yoshiko Shipley, whose interest is being foreclosed upon in Civil No. 70116 by Hawaii National. Said presence of Shipley on the subject property is not an equitable interest includible in the bankrupt estate. Further, there is no evidence indicating that Mrs. Shipley is holding the property in trust for the benefit of Mr. Shipley.

Based on the foregoing, the Court finds that the property owned and held by Mrs. Shipley is not property of the estate of Mr. Shipley.

### ORDER

Based on the above Findings of Fact and Conclusions of Law, this Court hereby orders and determines that the automatic stay under Section 362 of the Bankruptcy Code is not applicable to Hawaii National's foreclosure sale in Civil No. 70116, against property owned and held by Yoshiko Shipley and therefore Hawaii National is not in violation of Section 362 of the Bankruptcy Code.