**Malcolm BARNES and Carol Carr, Co-Guardians of Grace Miller, Aged and Infirm Person, Appellants (Plaintiffs),**

v.

**Virginia LUTTRULL and Michael Miller, Appellees (Defendants).**

No. 18A02–8911–CV–571.

Court of Appeals of Indiana, Second District.

July 31, 1990.

Donald H. Dunnuck, Dunnuck, Teagle & Hunt, Muncie, for appellants.

Barbara Gasper Hines, Muncie, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiffs-appellants Malcolm Barnes and Carol Carr, co-guardians (Guardians) of Grace Miller (Grace), appeal from a summary judgment in favor of Virginia Luttrull (Luttrull) and Michael Miller (Miller), claiming the trial court erred when it determined Grace was not the fee simple owner· of certain real estate.

We affirm.

## FACTS

The undisputed facts reveal that Grace was married to Homer Miller (Homer) and they owned a parcel of real estate as tenants by the entireties. On March 4, 1978, Homer and Grace executed a warranty deed which, in pertinent part, provided:

"... Homer H. Miller and Grace D. Miller ... convey and warrant ...

to Homer H. Miller and Grace D. Miller, as husband and wife ...

the following described real estate in Delaware County in the State of Indiana, to-wit: Lot 95 in the original plat of the Town of Yorktown, Delaware County, Indiana.

That the aforesaid, Grace D. Miller, has reserved to her a life estate and upon her death the property shall pass to the remaindermen, to-wit: Virginia Luttrull and Michael K. Miller."

*Record* at 18. Luttrull and Miller were Homer's children from a previous marriage.

On March 8, 1985, Grace was determined to be incompetent and the Guardians were appointed to handle her personal affairs. On February 9, 1987, Homer deeded his interest in the real estate to Luttrull and Miller, but Grace did not join in Homer's deed. On February 12, 1987, the Guardians deeded Grace's interest in the real estate to themselves, and Homer did not join in that deed.

Homer died on August 25, 1988. Grace, through the Guardians, brought suit against Luttrull and Miller claiming that, upon Homer's death, she became the fee simple owner of the real estate. Luttrull and Miller counterclaimed, asserting that the tenancy by the entireties was extinguished by the 1978 deed and, therefore, Grace held only a life estate in the real estate.

Both parties filed motions for summary judgment, and the trial court entered its judgment on August 3, 1989. The trial court determined that the 1978 deed had severed the entireties status of the title and that Grace held only a life estate in the property.

## ISSUE

The Guardians raise one issue for our consideration:

Whether the trial court erred when it determined Grace was not the fee simple owner of the real estate?

*PARTIES' CONTENTIONS*—The Guardians assert that the 1978 deed did not extinguish the entireties status of the property, and therefore the fee simple title passed to Grace upon Homer's death. Luttrull and Miller respond that Homer and Grace clearly intended to sever the entireties nature of the real estate's title when they executed the 1978 deed and therefore Grace held only a life estate in the property.

*CONCLUSION*—The trial court correctly decided Grace held only a life estate.

The trial court correctly concluded that Grace held only a life estate in the property. The trial court's judgment will be affirmed if it is sustainable on any valid legal theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d

154. This rule applies to summary judgment as well. *Id.*

■ It has long been the law in Indiana that a deed to a husband and wife without qualifying language vests title in them as tenants by the entireties. *Pension Fund of Disciples of Christ v. Gulley* (1948), 226 Ind. 415, 81 N.E.2d 676; *Brown v. Brown* (1893), 133 Ind. 476, 33 N.E. 615, 32 N.E. 1128; *Citizens Nat'l Bank v. Stasell* (1980), Ind.App., 408 N.E.2d 587; *Myler v. Myler* (1965), 137 Ind.App. 605, 210 N.E.2d 446. But there has been little discussion of the four unities.

■ In *Chandler v. Cheney* (1871), 37 Ind. 391, the supreme court articulated the four unities essential to establish a tenancy by the entireties: (1) unity of estate; (2) unity of possession; (3) unity of control; and (4) unity in conveying or encumbering. This court, in *Yarde v. Yarde* (1947), 117 Ind.App. 277, 71 N.E.2d 625, recognized the continuing validity of these four unities.

No Indiana case has considered the exact factual situation before us. However, there is nothing in any Indiana case or statute which militates against application of the ancient doctrine of the Four Unities, a doctrine which, like the Four Horsemen of the Apocalypse, has traveled down through the ages.

■ So we turn to the 1978 deed. This deed conveyed only a life estate to Grace. The unity of estate which is essential to a tenancy by the entireties was not present. Therefore, it is apparent from the tenor of the 1978 deed that it severed the entireties status of the property and created a tenancy in common. *Brown, supra.*

Even if we accept the Guardian's arguments that the 1978 deed did not destroy the tenancy by the entireties, Grace would still be entitled to only a life estate if we were to rely on a Vermont case which considered analogous circumstances, to wit, *Kennedy v. Rutter* (1939), 110 Vt. 332, 6 A.2d 17.

In *Kennedy* the court had before it a deed to a husband and wife which provided that the husband was to have the property as fee simple owner if he survived the wife, but that the wife would have only a life estate if she survived the husband. The court concluded that, in an estate by entireties, one of the grantees may hold only a life estate. *Kennedy, supra.* The Vermont Supreme Court never discussed the four unities; it ignored them in its holding. Reliance was placed on the rule of construction that the intent of the parties from the language used is the paramount consideration, which rule of construction if applied to the facts before us would result in a life estate only to the grantee.[1]

So, once one of the unities was severed, fee simple title could not pass to Grace, and her estate became that which was described in the deed as expressing the intent of the parties as to her interest, i.e., a life estate. She became and remained a life tenant.

Judgment affirmed.

SHIELDS, P.J., concurs.

MILLER, J., concurs.

---

1. Our conclusion is consistent with another aspect of tenancy by entireties law, i.e., no transfer of property occurs between the husband and wife when the surviving tenant dies, because the survivor holds under the original grant. *State,* *Dept. of State Revenue v. Union Bank* (1978), 177 Ind.App. 632, 380 N.E.2d 1279; *Anuszkiewica v. Anuszkiewica* (1977), 172 Ind.App. 279, 360 N.E.2d 230.